## DRAUGHAN v. THE TOMBECKBEE BANK.

The certificate of the clerk of the Supreme Court transmitted to the Court below, certifying the reversal of a judgment of the Circuit Court, is not sufficient evidence to prove an averment in a plea that a judgment has been reversed. A transcript of the proceedings in the Supreme Court, duly certified, must be produced.

THE President, Directors & Co. of the Tombeckbee Bank, gave notice to J. H. Draughan, that a motion would be made against him, at the fall term, 1827, of the Washington Circuit Court, on a note made by him and others, for $625, dated in 1820, and payable to them, ninety days after date; and filed a regular declaration. The defendant pleaded, 1st, the general issue. 2nd, non-assumpsit within six years. 3d, that the cause of action did not accrue within six years, and 4th, payment. To the second and third pleas, the plaintiffs replied: "that at the April term, 1821, of Washington Circuit Court, judgment was rendered by that Court, on said note, in favor of the plaintiffs against Draughan, and also, against P. Randon and D. Randon, joint makers of the note with Draughan, and that afterwards, on a writ of error sued out by the defendants, to the Supreme Court, at January term, 1827, the judgment of the Circuit Court was reversed; and that the notice which was the foundation of this action, was sued out, executed and returned, within one year after the reversal of the previous judgment by the Supreme Court," &c. The defendants rejoined: "that there was no such record remaining in Washington Circuit Court of the recovery of judgment, nor of such reversal in the Supreme Court, as the plaintiffs in their replication had alleged. At October term, 1828, a verdict was found for the plaintiffs on the first and fourth pleas; and to maintain their replication to the second and third pleas, the plaintiffs produced, for the inspection of the Court, the record of the former proceedings and judgment had in the Washington Circuit Court; and to prove the reversal of that judgment, offered in evidence a certificate, signed by the Clerk of the Supreme Court, as follows: "The State of Alabama. To the clerk of the Circuit Court of Washington county, greeting: It is hereby certified, that at a Supreme Court, began and held, on the first Monday in January, in the year of our Lord one

thousand eight hundred and twenty-seven, in a certain cause, wherein Peter Randon, James H. Draughan and David Randon were plaintiffs, and the President, Directors & Co. of the Tombeckbee Bank were defendants in error, it was by said Supreme Court considered, that the judgment in said cause, rendered by said Circuit Court, be reversed, annulled and held for nought; and that said plaintiffs in error, recover against said defendants in error, the costs which have accrued in said cause, in said Supreme Court and in said Circuit Court. Witness, Henry Minor, clerk of the Supreme Court, at office in Tuscaloosa, the 19th day of January, 1827.

JULY 1830.
Draughan<br>v.<br>Tombeckbee<br>Bank.

HENRY MINOR, <em>Cl'k.</em>"

The defendants objected to the introduction of this certificate as evidence; insisted that the records offered did not sustain the issue for the plaintiffs; and contended that a regularly certified transcript of the record in the Supreme Court must be produced to prove the reversal. But the Court was of opinion that the record produced, together with the certificate of the reversal was sufficient, and gave judgment for the plaintiffs. To this decision, Draughan excepted, and now, here insists that the Court erred.

Bagby, for the appellant. The replications to the second and third pleas aver the existence of two records, one in the Circuit Court and one in the Supreme Court; each must be proved in the only way known to the rules of evidence, that is, by the production of a transcript of the respective proceedings, duly certified. This is the best evidence, and therefore none other can be received. The certificate of the clerk cannot be received in lieu of the transcript; it is made for a special purpose only; it cannot be considered as a record of the Circuit Court; the statute does not require the clerk to record it; but if it could, the proceedings of the Supreme Court cannot be proved by the records of the Circuit Court; there would be better evidence, the record of the Supreme Court itself. There is another insuperable objection. The certificate does not sufficiently identify the judgment; it recites merely that in a certain cause between the parties, the judgment rendered by the Circuit Court is reversed. It does not shew what kind of action it was, nor when judgment was rendered, nor the amount, nor any thing which can identify it. Suppose there were several judgments between the same parties, in the same Court; it might be applied to either.

JULY 1830.

Draughan
v.
Tombeckbee
Bank.

It would require suppletory proof to apply it to any particular one. A record must be evidence of itself, and must never require extrinsic proof to aid it. The full transcript from the Supreme Court is free from these objections.

GORDON, contra. The general rule, it is true, is, that the best evidence should be produced; but a fact may often be established in different ways. The certificate is required to be made by a statute, and that gives effect to it. The certificate is in the usual form, which has been sanctioned by long practice; it establishes all the necessary facts required by the replication. What evidence has the Court below that a judgment has been reversed, other than this certificate, to enable it to proceed and try the cause again, when remanded? Is it not always held sufficient for that purpose? Why not then, for this purpose also? Does not the same objection as to identity hold there as here? The objection as to want of identity is groundless; the presumption is, that there is but one case between the same parties; for if there were several, the certificate would further indentify them. The certificate is found in its proper file, and the presumption is, that each certificate is put in its proper place, by the clerk who is intrusted with that duty. There can be no reason why a party should be taxed with a heavy expense in procuring a costly transcript, to ascertain a fact, which is acknowledged and acted on by the Circuit Court, in the very cause itself, on the production of the certificate which the law has provided and required to be prepared for that purpose.

By JUDGE COLLIER. To sustain the replication, the record of the Circuit Court, and a certificate of the reversal, from the clerk of this, to the clerk of the Circuit Court, in usual form, was the only proof offered; upon the sufficiency of which the opinion of the Court is asked.

*a* 1 Stark.150.
3 Stark, 1276.

The only proof of a record is the production of the original, or a copy; no evidence of an inferior grade, when these are in existence, will be received. [a]

The rejoinder put in issue, not only the existence of a judgment in the Circuit Court, but its reversal here. The first fact was made manifest by the production of the record remaining in that Court; but that the other fact, which was equally essential to the right of recovery of the defendant in error, might appear, it was necessary to have

produced a copy of the record of this Court. Without the production of that evidence, it could not legitimately appear to the Court but that the judgment theretofore rendered for the same cause of action, was still in force. The certificate of the Clerk of this Court cannot be viewed as a part of the record; in making up the final record of a cause, his duty does not require him to register it. It is true, that it is an official act; but it is one intrusted to him alone, without the agency of the Court; and is designed as a mere direction to the clerk of the Court below, that he may know what disposal has been made of a cause brought from his Court here.a

Again, a record is exclusive as evidence, and cannot receive extrinsic aid; it must appear from inspection, that the record pleaded is the one offered in proof; hence the necessity of producing a copy of the record of this Court, that by a comparison with the record remaining in the Court below, the cause of action may be indentified. This could not be done by the certificate, which shews only the names of the parties and the disposal of the cause here, without reciting the cause of action, or the amount of the judgment. To have supplied these deficiencies, a copy of the record of this Court was indispensable.

For the insufficiency of proof, the judgment below must be reversed, and the cause remanded.

Reversed and remanded.

JUDGES SAFFOLD and LIPSCOMB, not sitting.