## LOCKE v. WINSTON.

1. Whenever the only matter to be ascertained is, the existence of a judgment, or decree, the exemplification, or other proof of the judgment, &c. is sufficient in itself, without proof of the other proceedings in the cause.

Error to the Circuit Court of Greene.

ASSUMPSIT by Winston v. Locke, on a special contract, and the common counts.

At the trial, the plaintiff read in evidence the following a-greement, signed by the defendant's testator, and dated 12th October, 1841, to wit:

" Received of John J. Winston $200, in full for the dama-ges on the execution of Thomas and James Kirkman, against me, issued from the county court of Lauderdale county, on a judgment obtained against me as sheriff of Greene county, for not making the money on an execution against John J. Winston, in favor of the said Kirkmans. And I hereby agree and bind myself to said Winston, to take such steps or mea-sures as he may require, to have said judgment reversed or enjoined, and to pay to the said Winston, his heirs and as-signs, whatever may be recovered back from the said Kirk-mans."

The plaintiff, to show the reversal of the said judgment read to the jury a certificate made and signed by the clerk of the supreme court, setting forth an abstract of the record of the cause of Thomas and James Kirkman, against James C. Locke, for a default as sheriff of Greene, in not making the money upon an execution in favor of said Kirkman's against J. J. Winston, and other persons, and setting out the judgment of reversal in said court at length.

The defendant moved the court to exclude this certificate as no sufficient transcript of that record, but his motion was overruled, and he thereupon excepted.

The refusal to exclude the certificate is the only matter re-lied on to reverse the judgment.

Wm. M. Murphy, for the plaintiff in error, insisted that the mere judgment of reversal was insufficient, but a transcript of the whole record was essential. [3 Stewart, 54; Cowen & Hill's Notes, 1073.]

J. W. Womack, contra, contended, it was unnecessary to produce the entire record, inasmuch as nothing more than the reversal of the judgment was in issue. [18 Viner's Ab. 188; 7 Cowen, 434; Garden v. Col. Ins. Co. 7 John. 514.]

GOLDTHWAITE, J.—At first we were inclined to think

this case was within the principle decided in Draughtan v. The Tombeckbee Bank, 3 Stewart 54, but the examination of the record satisfies us that a different question is presented from the one then decided. The certificate of reversal which our statutes provide to be issued by the clerk of this court, for the information and action of the court below, is, as was then held, a mere official act, having no other effect than to advise the inferior tribunal of what this court had done in the premises, and therefore was not evidence in another suit of the reversal. What is called a certificate in this case, is an abstract of the cause between the Kirkmans and Locke in this court, and so far as the proceedings anterior to the judgment are connected with it, is certainly no evidence, as there is no statute which authorizes this officer to certify such an abstract; but the paper given in evidence goes further. It is the formal exemplification of the judgment of reversal, given by the proper officer, under the seal of the court, and if the judgment itself was the only matter in issue between the parties, we do not well see what necessity there was, or could be, to produce an exemplification of the entire proceedings. In the case before us, the special count alledges the breach of the defendant's agreement to be, that he did not, after the reversal of the judgment against him, sue the Kirkman's for the recovery of the money paid to them, on the reversed judgment, and in this point of view, it was necessary to show the judgment of reversal. Whatever was necessary beyond this, we must presume in the absence of any exception, was shown to the satisfaction of the jury. The proceedings of the court anterior to the judgment of reversal, were not within the issue, and therefore not essential in evidence. In Jones v. Randal, Cowp. 17, the action was upon a wager, whether a decree in chancery would be reversed in the House of Lords and it was held that the decree of reversal was proper evidence, without proof of the other poceedings. So in Garden v. Col. Ins. Co. 7 John 514, the same rule was laid down with reference to a decree of a court of admiralty, in a suit against an insurance company.

These cases show, that whenever the only matter to be ascertained is, the existence of a judgment or decree, the ex-

emplification or other proof of the judgment, &c. is sufficient in itself, without proof of the other proceedings.

We are satisfied there is no error in the ruling of the court ·below.

Judgment affirmed.