## McCOLLUM v. HUBBERT AND CAPLE.

1. A variance between an execution, and the judgment to enforce which it was issued, does not render the execution a nullity, as it may be amended, so as to conform to the judgment.

2. The certificate of the clerk of the supreme court, that a judgment of the primary court had been affirmed on errror, is *prima facie* evidence of the fact.

3. P, as sheriff, sold certain land, and after the sale, by a parol, or verbal contract, acquired an interest in it, which interest he afterwards by parol, sold to one A for a sum of money, and a house and lot, which was conveyed to him—Held, that he was an incompetent witness for the plaintiff, the purchaser of the land, to prove the levy of the *fi. fa.*

4. The refusal of the court to permit the sheriff to amend an execution, pending the trial of a cause, cannot be assigned for error upon the judgment in the cause.

Error to the Circuit Court of Fayette. Before the Hon. S. Chapman.

THIS was an action of Trespass at the suit of the defendants in error to try titles to several adjoining tracts of land situated in Fayette county. The cause was tried on the plea of "not guilty," a verdict returned for the plaintiff, as-

sessing his damages at two hundred dollars, and judgment thereon rendered. A bill of exceptions was sealed at the defendant's instance, which presents the following points: 1. The plaintiffs claimed the land in question as purchasers at a sale made by the sheriff, under writs of *fieri facias*, and produced a judgment in favor of Henry S. Simonton, for the use of James A. McLester, and a *fi. fa.* in favor of James A. McLester, assignee. To the admission of this *fi. fa.* the defendant objected, because it did not conform to the judgment; but his objection was overruled. 2. The plaintiffs also offered a judgment and execution in favor of James Hogan, executor of Reuben Jones; this judgment had been affirmed on error, by the supreme court, as was shown by a recital in the execution, and the certificate of the clerk of this court. The defendant insisted, that the record of the judgment of the supreme court should be produced, to authorize the admission of the execution; but the court overruled the objection, and permitted the evidence to go to the jury. 3. R. H. Poe, the sheriff, who sold the lands, was offered as a witness to prove the levy of the *fi. fa.*, the sale and deed which he made to the purchaser. This witness stated, that at the time of the sale, which was on the 5th October, 1840, he was not interested in the purchase of the lands; but previous to the execution of the deed, which was on the 19th of the same month, he acquired an interest of one-third. Subsequent to the latter day, he sold his interest to one Abernathy, for a house and lot, and one hundred and seventy dollars in cash. The transaction between witness and Abernathy was by parol, but by direction of the latter, witness received a title to the house and lot from a person in whom it was vested. Upon these facts the defendant objected to the competency of Poe as a witness; but the objection was overruled, and he was permitted to testify. 4. Pending the trial, the defendant moved the court to permit the sheriff to amend his return upon the executions, which, for certain reasons stated, was refused. These several matters are now assigned as error.

B. F. PORTER and BRODIE, for the plaintiff in error, cited

1 Nott & McC. Rep. 408 ; 2 Id. 299 ; 7 Hals. Rep. 182, 326 ; 1 Missouri Rep. 246.

E. W. Peck, for the defendants in error.

COLLIER, C. J.—1. If the execution at the suit of Mc-Lester against the defendant should have been rejected because it varied from the judgment, it may well be questioned whether its admission prejudiced the defence. The judgment and execution in favor of Hogan, were sufficient to sustain the sale and sheriff's deed to the plaintiffs. But be this as it may, the variance did not make the execution an absolute nullity. In Cawthorn v. Knight, 11 Ala. R. 579, it was held, that courts, in virtue of their power over process issued by them, or their officers, without the aid of legislation may amend an execution by striking therefrom the name of a person who is improperly joined as a defendant with several others, without impairing its validity as to those against whom it should have issued. A misnomer on a *ca. sa.* has been amended after it has been executed. 4 Taunt. R. 322 ; Barnes' Notes, 10. And an amendment has been allowed, so as to make the amount agree with the judgment, where it is variant. 1 Chit R. 349. So an execution tested after the plaintiff's death, has been amended to make it conform to the truth of the case. 6 T. Rep. 368, 450 ; 1 Cow. Rep. 33. In the case cited from 11 Ala. Rep. *ut supra,* we say it is difficult to prescribe limits to this salutary power possessed by the courts, of permitting amendments in their process, whether *mesne* or *final.* It was then, clearly competent for the circuit court to have directed the execution in favor of McLester, to have been so amended (if necessary,) as to conform to the judgment upon which it was founded ; and it should not have treated it as a nullity—furnishing no authority for the levy and sale.

2. Was not the recital in the execution in favor of Hogan, that the judgment in that case had been affirmed by the supreme court, *prima facie* evidence of the fact ? If, however, other evidence of the fact was necessary, the certificate of the clerk of this court is altogether sufficient. This is an official paper, which he is required by statute to make as a di-

rection to the primary court in its further proceedings. If there was an issue involving the identity or verity of the record, perhaps an exemplification of the transcript from the appellate court might have been required ; but in the posture of the case at bar, no such requisition could be made. See 3 Stew. Rep. 54.

3. We think the sheriff, Poe, was an interested witness for the plaintiffs, and his testimony should have been excluded. Although the contract between himself and Abernathy was by *parol*, or even *verbal*, yet *prima facie*, it imposed on him the duty of reconveying the house and lot, and refunding the money, or of conveying his interest in the lands in question to Abernathy. This proposition seems to us too plain to require illustration, and is perhaps best proved by its mere statement. If this be so, the witness will be bound to return to his vendee what he has received from him, or be otherwise chargeable upon his contract, and lose all interest in the lands if the plaintiffs are unsuccessful; but if the plaintiffs recover, then he will retain the house and lot, and money, and Abernathy will take his interest in the lands. Thus we see, if the party calling the witnesss, ucceeds, the witness will hold property and money to a considerable amount, but if the opposite result takes place, he will lose all without the prospect of re-imbursement. Here is not the case of an *equilibrium* of interest, but a clear preponderance in favor of the party who is seeking the benefit of the testimony.

4. The refusal of the court to permit the sheriff to amend his returns to the *fi. fa's.* was not the decision of a point arising upon, and pertinent to the trial; but was an independent and collateral matter. The amendment was asked by the defendant that the proceedings under the executions might be truly shown. This motion should have been made before the trial was entered upon, (though perhaps it might be competent to give leave to amend at any time,) and if improperly denied, it could be enforced by some direct proceeding; but for the reasons stated, it cannot be assigned for error in the present case. For the error in the admission of Poe as a witness, the judgment of the circuit court is reversed, and the cause remanded.