[Dothard v. Sheid.]


# Dothard *v.* Sheid.

*Action on Attachment Bond.*

1. *Attachment bond; its approval by the clerk.*—It is not necessary in an action on an attachment bond, for the plaintiff to aver that the bond had been approved by the clerk who issued the writ, as the obligors on the bond would be liable, if the bond was actually executed and delivered to the clerk, and by him received and filed, before he issued the process.

2. *Suit on attachment bond; sufficiency of complaint.*—Nor is it necessary in such action to aver, *ipsis verbis*, that the attachment was sued out *without cause*, as this is implied from the averment that the attachment was wrongfully sued out.

3. *Same.*—Nor is it necessary in such action to aver that the attachment was levied on the plaintiff's property, as that is matter of evidence merely to establish the *quo modo*, and the *quantum* of damages.

4. *Same; assignment of breaches; what sufficient.*—In an action on an attachment bond the breaches assigned were, 1st, that the attachment was wrongfully sued out; 2d, that it was vexatiously sued out; 3d, that it was maliciously sued out; 4th, that it was wrongfully and vexatiously sued out, and 5th, that it was wrongfully, vexatiously and maliciously sued out,—*held*, that the assignments of breaches were sufficient.

5. *Same; sufficiency of complaint.*—A complaint in such action, which is in substantial compliance with the form prescribed in the Code for suits on bonds with conditions (Code of 1876, § 3009, Form 12), is sufficient; but under such complaint, in the absence of specific averments claiming special damages, only general damages, or such as result necessarily and by implication of law from the issuance of the attachment, can be recovered.

6. *Same; counsel fees; when recoverable.*—In an action on an attachment bond, whether brought for the recovery of the actual damages sustained, or for the recovery of vindictive or exemplary damages, reasonable and necessary counsel fees incurred in defending the attachment suit, or in prosecuting or defending an appeal from the judgment rendered in that suit to this court, may be recovered.

7. *Same; must be specifically averred.*—Such fees, however, while the proximate result of the wrongful suing out of the attachment, are not such damages as necessarily result therefrom, or as are implied by law; and hence, they can not be recovered, unless they are specifically claimed in the complaint.

8. *Certificate of reversal; when not competent evidence.*—A certificate of reversal issued by the clerk of this court, can only be looked to as authorizing the lower court to proceed to a new trial in the case to which it relates; and hence, to prove the fact of such reversal on the trial of another cause, such certificate is not competent evidence, but a transcript from the records of this court, properly exemplified, is the best and only legal evidence of that fact.

9. *Suit on attachment bond; what is competent evidence.*—In an action on an attachment bond the record of the attachment suit is admissible in evidence on behalf of the plaintiff.

10. *Same.*—Where one of the assignments of the breaches of the condition of the attachment bond in a suit thereon, is that the attachment was vexatiously and maliciously sued out, it is competent for the plain-

[Dothard v. Sheid.]

-tiff to prove, that after the writ was sued out, the defendant, at whose suit it was issued, told the plaintiff that he had more money to spend on the law suit than the plaintiff had.

APPEAL from Calhoun Circuit Court.

Tried before Hon. W. L. WHITLOCK.

This was an action brought by James M. Sheid, the appellee, against William Dothard and G. C. Ellis, the appellants, and was founded on a bond executed for the purpose of obtaining an attachment, which was sued out of said court by Dothard against the appellee. After setting out the condition of the bond *in haec verba*, the complaint proceeds as follows: " And the plaintiff says the condition of the said bond has been broken by said defendants in this: 1. Said attachment was wrongfully sued out; 2. Said attachment was vexatiously sued out; 3. Said attachment was wrongfully and vexatiously sued out; 4. Said attachment was maliciously sued out; 5. Said attachment was wrongfully, vexatiously and maliciously sued out; 6. Plaintiff has sustained costs and damages by the wrongful suing out of said attachment by the defendant, William Dothard, in the sum of five hundred dollars, and said defendant has failed to pay the same, or any part thereof, to plaintiff's damage as above stated." The appellants, defendants in the court below, demurred to the complaint, attacking the sufficiency of the assignments of the breaches of the condition of the bond, and also on the ground that the complaint fails to aver that the attachment was sued out without cause, or that it was levied on the property of the plaintiff, or that the bond was approved by the clerk of the court issuing the same. The court overruled the defendants' demurrer, and the cause was tried, as shown by the judgment-entry, " on issues joined," but the defendants' pleas are not set out in the record.

On the trial, the plaintiff read in evidence the bond sued on, and also the affidavit and writ in the attachment suit. It was also shown that at the Spring Term, 1877, of said court, Dothard obtained a judgment in the attachment suit against the plantiff, from which the latter appealed to this court; and the plaintiff then offered in evidence the certificate of reversal issued by the clerk of this court in the attachment suit, to which the defendants objected, but their objection was overruled, the certificate was read to the jury, and they excepted. The plaintiff was also permitted to read in evidence, against the defendants' objection, the judgment-entry of a non-suit taken by Dothard at the Spring Term, 1879, of said court, in the attachment suit, and the defendants excepted. The plaintiff also read in evidence the final record in the attachment suit, in which was transcribed the certificate of reversal and the judgment of non-suit.

[Dothord v. Sheid.]

To the reading of that part of the record relating to the certificate of reversal and non-suit the defendants objected, and their objection was overruled, and they excepted. The plaintiff, after proving the value of services rendered by his counsel in the attachment suit in the Circuit Court, was also permitted to prove, against the defendant's objection, the value of the services rendered by his counsel in prosecuting said appeal in this court, and the defendants excepted. The plaintiff was examined as a witness in his own behalf, and testified, among other things, that after the attachment was issued he met Dothard and stated to him, that he wanted a settlement of the debt for which the attachment was issued (which was for the rent of land, as shown by the proceedings in the attachment suit); that the rent of the land had been paid by the repairs made on the rented premises, and that Dothard replied, that he would not allow any thing for repairs; and that he, "Dothard, had more money than the witness, Sheid, had to spend on the law suit." To that part of Dothard's reply above quoted the defendants objected, but the court overruled their objection, and they excepted. The defendants also reserved exceptions to charges given by the court at the request of the plaintiff, but these charges are not necessary to a report of the case.

The Circuit Court rendered judgment on verdict for the plaintiff, from which this appeal is taken; and the rulings of court on the demurrer to the complaint, and on the introduction of evidence on the trial above noted, and on the charges asked by plaintiff, are here assigned as error.

JOHN T. HEFLIN, for appellants.

DENSON & DISQUE, contra.

(No briefs came to the hands of the reporter.)

SOMERVILLE, J.—This is a suit on an attachment bond brought by the appellee against the appellants. A demurrer was interposed by the defendants in the lower court raising various objections to the sufficiency of the complaint.

The complaint, though very inartificially drawn, was in substantial compliance with the form prescribed in the Code for suits on bonds with conditions.—Code, 1876, § 3009, p. 703. There was no necessity for any allegation that the defendants refused to pay the amount of damages claimed. Nor was any averment necessary that the bond sued on had been approved by the clerk who issued the attachment. If the bond was received and filed by him, and he thereupon issued the process or writ of attachment, he will be estopped from afterwards deny-

[Dothard v. Sheid.]

ing his approval of it, and the obligors will be liable. It is
sufficient to hold the obligors, if the bond was actually executed
and delivered before the writ issued.—Drake on Attach. §§ 120–
121; *Pearson v. Gayle*, 11 Ala. 278.

The breaches assigned were, 1st, that the attachment was
*wrongfully* sued out; 2nd, that it was *vexatiously* sued out;
3rd, that it was *maliciously* sued out. Other averments were
also made assigning these breaches conjunctively instead of
severally. These assignments of breaches were sufficient under
the authority of *Gabel v. Hammerwell*, 44 Ala. 336, a case
which has now been acted on by the legal profession for over
ten years, and which we are not inclined to disturb. It is not
necessary to aver, *ipsis verbis*, that the attachment was sued out
*without cause*. If it was wrongfully sued out, it must be im-
plied that it was without cause.—*Sharpe v. Hunter*, 16 Ala.
765. And that it was levied on plaintiff's property was matter
of evidence merely to establish the *quo modo* and the *quantum*
of the alleged damage. Such levy was not required to be alleged
in the complaint under the liberal form prescribed in the statute.

In suits on bonds with conditions, ordinarily it is only neces-
sary to allege the date and execution of the bond by the defend-
ant; to set out the condition in *hæc verba*, or in substance; to
allege that the condition of the bond has been broken by the
defendants; to state concisely the breach or breaches com-
plained of, and to conclude with the averment that the plaintiff
has thereby suffered damage.—Code, § 3009, Form No. 12.
The form of complaint, however, laid down in the Code was
designed only to cover *general* damages, or such as *necessarily*
result, and which the law implies from the injury complained
of, the defendant being presumed to be aware of the necessary
consequences of his conduct, and therefore not liable to sur-
prise in the proof of them.—2 Greenl. Ev. § 254. It has been
expressly held not to cover *special* damages, or such as are not
the necessary result of defendant's wrongful act.—*Lewis v.
Paull*, 42 Ala. 136. In a suit on an attachment bond, if the
attachment is wrongfully sued out, the statute limits the recov-
ery of damages to such as the plaintiff has *actually* sustained.
If *maliciously* sued out, as well as wrongfully, the jury may
award vindictive or exemplary damages.—Code, 1876, §§ 3317–
18. In either event reasonable and necessary counsel fees in-
curred in defending the attachment suit are recoverable as a
part of the lawful damages.—*Higgins v. Mansfield*, 62 Ala. 267;
*Seay v. Greenwood*, 21 Ala. 491; *Marshall v. Betner*, 17 Ala.
832. And though otherwise held by this court in its former
decisions, it was settled in *Bolling et al. v. Tate*, 65 Ala. 417,
that such damages also include counsel fees incurred in prose-
cuting or defending an appeal to the Supreme Court. Such

[Dothard v. Sheid.]

fees can not, however, be recovered as general damages. They
are the proximate result of the wrongful suing out of the attach-
ment, but they are not the necessary result of such wrongful
act, or such damages as are implied by law. It may be that no
counsel were necessary and none were employed. The attach-
ment suit may have been dismissed before the entry of defend-
ant's appearance, or he may have refused to defend it at all.
We think, for this reason, that counsel fees in such cases can
be claimed only as *special* damages, and must therefore be
claimed as such specifically in the complaint.—2 Sedgwick Dam.
(7th Ed.) p. 608, *note;* *O'Leary v. Rowan,* 31 Mo. 117; 2
Greenl. Ev. § 254; *Lewis v. Paull,* 42 Ala. 136.

A proper application of these principles shows that there
was no error in overruling the demurrer to the complaint; but
that there was error in permitting evidence of the value of
counsel fees incurred in defending the attachment suit, in as
much as they were not specifically claimed in the pleadings.

There was also error in admitting in evidence the certificate
of reversal of the judgment of the attachment suit. This cer-
tificate, which was signed and transmitted by the clerk of the
Supreme Court, could only be looked to as authorizing the
lower court to proceed to a new trial in the case to which it
relates. The best and only legal evidence of the reversal of
such judgment by the appellate court was a transcript of its
records properly certified or exemplified.—1 Whart. Ev. § 107;
*Draughan v. Bank,* 3 Stew. 54; *Locke v. Winston,* 10 Ala. 849.

It was proper to admit in evidence the record of the attach-
ment and proceedings thereon.—*Donnell v. Jones,* 17 Ala. 689.
This record included the judgment of *non-suit* to the admis-
sion of which exception was taken. If the entire record intro-
duced shows it was subsequently set aside by the court, no
injury can be suffered by appellants. If not set aside, it was a
discontinuance of the cause of action.

The testimony of the witness Sheid, that "Dothard said he
had more money than the witness Sheid had to spend in the
law suit," was competent to illustrate the *quo animo* of the
attachment proceedings. Among the breaches assigned were
the averments that the attachment had been vexatiously, and
also maliciously sued out. Any conduct or language of the
plaintiff in attachment tending to establish these averments was
relevant evidence in an action on the attachment bond.

It is unnecessary to apply in detail these principles to the
charges of the lower court. It appears plainly from them that
the court erred to such extent as to require its judgment to
be reversed, which is hereby accordingly done and the cause
remanded.