# Munter *v.* Leinkauff & Strauss.

### *Supersedeas of Execution on Forfeited Claim Bond.*

1. *Forfeited claim bond; surrender of part of property.*—On a statutory trial of the right of property in and to a stock of goods, on which an execution was levied, verdict and judgment being rendered against the claimant, if only a part of the goods are surrendered to the sheriff, the condition of the claim bond is forfeited, and it is the duty of the sheriff to return it forfeited (Code, § 3344) ; and the forfeited bond becomes a statutory judgment against the obligors, for the amount of the original judgment, with interest thereon, not exceeding the value of the goods as assessed by the jury.

2. *Same; surrender of goods after expiration of thirty days.*—If, after the expiration of thirty days, some of the goods are restored to the sheriff, and other goods of like kind in lieu of the residue, and are sold by him, notwithstanding the return of the bond forfeited, the amount realized by the sale is a payment and discharge, *pro tanto,* of the liability of the obligors, and available on motion for a *supersedeas* of the statutory execution against them.

3. *Same; claim of exemption to surrendered goods, or proceeds of sale.* The plaintiff may rebut or reduce the claim to a credit for the proceeds of the goods so surrendered and sold, by showing that one of the defendants in the judgment has successfully asserted a claim of exemption to a part of the goods embraced in the levy; but, if the claim of exemption is interposed before the forfeiture, and successfully maintained, this would, *pro tanto,* exonerate the obligors.

APPEAL from the Circuit Court of Montgomery.

Tried before the Hon. JOHN P. HUBBARD.

This was an application by petition, by Mrs. Bertha Munter and others, for the *supersedeas* of a statutory execution against them on a forfeited claim bond, in favor of Leinkauff & Strauss, who were plaintiffs in the original judgment. The court sustained a demurrer to the petition, and dismissed it;

and this judgment is now assigned as error. The opinion
states the material facts.

SAYRE & GRAVES, and TROY, TOMPKINS & LONDON, for ap-
pellants, cited *Webb v. Bumpass*, 9 Porter, 201; *Campbell
v. Spence*, 4 Ala. 543; *Dunlap v. Clements*, 18 Ala. 778;
*Warner v. Mains*, 7 Johns. 476; *O'Bannon v. Relf &
Bledsoe*, 7 Dana, Ky. 320; *Baldwin v. Farnsworth*, 10 Maine,
414, or 25 Amer. Dec. 252; 2 Parsons on Contracts, 170,
note *z*.

RICE & WILEY, *contra*, cited *Braley v. Clark*, 22 Ala. 361;
*Caperton v. Martin*, 5 Ala. 217; *Campbell v. Spence*, 4 Ala.
543; *Hopkins v. Land*, 4 Ala. 427; *Crawford v. Mobile
Bank*, 5 Ala. 55; *Givens v. Easley*, 17 Ala. 385; *Block
v. Bragg*, 68 Ala. 291; *Cogburn v. Spence*, 15 Ala. 549;
*Thompson v. Bondurant*, 15 Ala. 346; *Brown v. Hurt*,
31 Ala. 146; *Anderson v. Rhea*, 7 Ala. 104.

STONE, C. J.—Leinkauff & Strauss recovered a judgment
for six hundred and fourteen dollars, against M. Munter &
Brother, in June, 1879. Under an execution issued on said
judgment, a stock of merchandise was levied on in the fall of
1883; but Mrs. Munter made affidavit that she had a just
claim to the property levied on, and gave bond with sureties,
" with condition to have the property forthcoming for the satis-
faction of the judgment, if it [should] be found liable there-
for; and also for the payment of such costs and damages as
[might] be recovered for putting the claim in for delay."
Code of 1876, § 3341, as amended by act approved February
1, 1879.—Sess. Acts, 76. The goods were thereupon surren-
dered to Mrs. Munter. A trial of the right of property was
had, and in January, 1884, a verdict and judgment were ren-
dered, condemning the goods to sale under the execution
against Munter & Brother, and assessing their value at eight
hundred dollars. A *venditioni exponas* was then issued on the
said judgment against Munter & Brother, commanding the
sheriff to sell the merchandise so levied on and found subject
to the execution.

Between the time the claim was interposed and the time the
judgment of condemnation was rendered, Mrs. Munter sold
some of the merchandise that was in controversy, and hence
could not restore to the sheriff the entire goods he had levied
on. She restored such goods as remained on hand, and ten-
dered other goods, corresponding in description and quantity
with the goods previously disposed of. The sheriff received
all the goods so tendered.

[Munter v. Leinkauff & Strauss.]

The sheriff, under date February 20, 1884—more than thirty days after the judgment of condemnation was pronounced—returned the said claim bond to the clerk, with the following indorsement thereon: "The claimant has delivered to me some goods, which she claims to be a part of the goods levied on, as recited in the within bond; but thirty days having elapsed since the property levied on was found liable to the execution, and all the property not having been delivered, this bond is returned and indorsed forfeited;" signed by the sheriff. The clerk thereupon issued an execution against all the obligors in the claim bond.—Code of 1876, § 3344. The object of the present proceeding is to have the last execution quashed; or, failing in this, to have it vacated, except as to the value of the goods which were not delivered in specie. It was commenced by petition for *supersedeas*, and went off in the court below on demurrer to the petition, which was sustained. The petition sets forth that a large part of the identical goods the sheriff had levied on was forthcoming and delivered to him before the thirty days had expired, and that as to the goods which had been sold, other goods, corresponding in kind, and equal in quantity and value, were tendered to the sheriff, and accepted and retained by him. Petition further shows that, of the goods so turned over to the sheriff, he had sold a part, realizing one hundred and fourteen 87-100 dollars, of which he had paid in taxes twenty-seven 24-100 dollars, leaving balance, eighty-seven 63–100 dollars in his hands.

Trial of right of property is a purely statutory proceeding, conferred by chapter 2, title 2, part 3, commencing with section 3341 of the Code of 1876. The statute confers the right and the remedy, and it is a purely legal proceeding, as distinguished from equitable cognizance. All its remedial powers are circumscribed by rules the statute imposes, and it grants relief only as the statute provides. A claim suit is a collateral issue, and when resorted to, it takes the place of the action of trespass against the levying officer, who, under process against one, seizes goods alleged to be the property of another. It is highly beneficial and conservative, inasmuch as it determines the controverted ownership of property in a single suit, between the real parties in adverse interest. Still, the proceeding being statutory, it can not be extended beyond the terms the statute prescribes. The provision allowing the claimant, who has made the proper affidavit, and given the proper bond, to become the bailee or custodian of the property pending the litigation, is itself highly conservative, as tending to cut down the expense of the suit. But he takes possession provisionally, and not as owner. The property is in the law's keeping, and he must preserve it for the law's final arbitrament. Preserva-

[Munter v. Leinkauff & Strauss.]

tion and inexpensive, safe custody are the limit of his authority and duty. If he be cast in the suit, and fail to restore the property. to the levying officer within thirty days, the law declares the result.—Code, § 3344.

In this case, as we have seen, some of the goods were delivered, while others were not. If the subject of the levy had been of distinct chattels, susceptible of separate description and valuation, and if the jury had assessed their values separately, we need not, and do not decide, that if there were a partial delivery, the forfeiture should not also be partial, and the money recovery only for the separately valued chattels which were not delivered. The levy in this case, however, was upon a stock of merchandise employed in trade, consisting of very many articles, which were not, and could not in the nature of things, be separately described and valued. The valuation was necessarily one and entire.—*Brumby v. Langdon*, 10 Ala. 747. In such case, we hold the delivery to the sheriff, to avoid a forfeiture, must be entire. Less than this is not a performance of the bond. The bond not being complied with, the sheriff was without discretion, and must return the fact of forfeiture. The obligors bound themselves to return the property—the whole property—and they could not discharge themselves by returning a part. Neither the judgment, nor anything else in the record, enabled the sheriff to determine to what extent the bondsmen had complied with their bond; and neither the statute nor reason would sanction the institution in court of a new inquiry to determine that matter. The bond was observed and kept, or it was broken, and the sheriff must return the facts. In *Dunlap v. Clements*, 18 Ala. 778, it is conceded that the bondsmen, unless prevented by plaintiff, are bound for the delivery of all the goods. It is also conceded that, if part be delivered, and the rest not, the bond would have the effect of a judgment, and an execution might issue for the amount recovered in the first suit; and the bondsmen would be liable "for all which the goods delivered were not sufficient to satisfy." See, also, *Anderson v. Rhea*, 7 Ala. 104.

Applying these principles, we hold that, when there was a failure to return all the goods levied on, the condition of the bond was broken, and the sheriff rightly returned it forfeited. When so returned, it became a statutory judgment against all the bondsmen, for the amount of the original recovery against Munter & Brother, including interest thereon, but not to exceed eight hundred dollars, the ascertained value of the merchandise. In addition to this, they were liable for the costs in the trial of the right of property.

The liability of the parties to the claim bond having thus become a fixed, statutory judgment debt, the question arises,

has it been paid or cancelled, in whole, or in part? There is no question that, to the extent property, either of Munter & Brother or Mrs. Munter, was surrendered to the sheriff and sold by him, this is a payment and discharge of the bondsmen *pro tanto ;* for the surrender was in part exoneration of that bond. If any of it had not been previously levied on, it was money remaining in his hands ; and when execution afterwards came to his hands, it was his duty to apply it, *pro tanto*, to its payment.—*Barnett v. Bass*, 10 Ala. 951.

The petition avers that property was delivered to the sheriff, and received and retained by him, more than sufficient in value to pay the entire execution. If this be so, this is, *prima facie*, a satisfaction of the execution.—1 Brick. Dig. 895, § 71. This *prima facie* presumption may be rebutted.—*Ib.* § 72–3. The record discloses the facts that, of the goods so surrendered, M. Munter interposed a claim to a large part, as exempt to him under the statute, and that plaintiffs, Leinkauff & Strauss, contested his right to the exemption. The record does not inform us that contest has ever been determined. If in fact Munter has made good his claim of exemption, and has thus wrested the merchandise from the sheriff's hands, this answers and rebuts the presumption of payment, and leaves the execution open and unsatisfied.

There is a wide distinction between an entire surrender of the goods found subject, made before the bond becomes forfeited by the lapse of thirty days, and a partial surrender, or surrender after the thirty days have expired. In the former case, the bond is complied with, and there is no forfeiture. If, in such case, the defendant successfully asserts claim of exemption, and thus defeats the collection, no liability is left on the claim-bondsmen. They will have complied with their obligation, and thus intercepted the accrual of a statutory judgment against them. In the latter, their liability becomes fixed by statutory judgment, and it then becomes a question of payment *vel non*, as in case of any other debt reduced to judgment. Partial delivery not being a compliance with the requirements of the bond, any thing realized from the goods delivered, whether of the stock previously levied or not, is only payment *pro tanto*. It does not heal the forfeiture, nor vacate the statutory judgment.

It is contended in this court, that the execution should have been quashed, because it commands the sheriff to collect of the bondsmen on the claim bond the amount of the assessed value of the merchandise – eight hundred dollars—instead of the amount of the judgment against M. Munter & Brother, which is six hundred and fourteen dollars. This was an irregularity, but it was only an irregularity. It did not render the execu-

[Counts v. Harlan.]

tion void.—*Cawthorn v. Knight*, 11 Ala. 579; *McCollum v. Hubbert*, 13 Ala. 282. The execution should have been amended. The mandate of the writ should have been to collect the amount of the original judgment against M. Munter & Brother, with interest and costs, not to exceed the sum of eight hundred dollars, the ascertained value of the merchandise levied on. The error, however, did the petitioners no harm, as the original judgment, with interest added, exceeded eight hundred dollars. This point is given no prominence in the petition, and we are not informed it was called to the attention of the trial court.

The Circuit Court erred in sustaining the demurrer to the petition. It should have been so far entertained as to correct the execution in form, and also to ascertain whether the sheriff had received, and still held in his hands, goods sufficient in value to satisfy the execution. It should also be credited with the amount of money actually collected, if that averment of the petition be true.

Reversed and remanded.

CLOPTON, J., not sitting.