# Wilcox & Gibbs Guano Co. *v.* Piedmont Lumber Co.

### *Forfeiture of Forthcoming Bond after Partial Delivery.*

1. *Effect of partial delivery on forthcoming bond in claim suit.*—Where a claimant in the trial of the right of property levied on under execution, after judgment against him, delivers part of the property described in the forthcoming bond to the sheriff, he is entitled to a credit on the statutory judgment on the forfeited bond for the sum for which such property was sold by the sheriff, and not for its assessed value.

APPEAL from Calhoun Circuit Court.

Tried before Hon. LEROY F. BOX.

Petition by Piedmont Lumber Co. for supersedeas of a statutory judgment founded on a return by the sheriff of forfeiture of a claim bond. There was a demurrer to the petition setting forth that "It shows that said property that was delivered to the sheriff in partial compliance with said bond was sold by said sheriff and the proceeds thereof credited upon said execution." The court overruled the demurrer and credited the judgment with the value of the property delivered as assessed by the jury, which was $356.75, instead of $50.00 which was the proceeds of the sale of the property by the sheriff.

MATTHEWS & WHITESIDE, for appellant, cited *Dunlap v. Clements*, 18 Ala. 778; *Anderson v. Rhea*, 7 Ala. 104; *Munter v. Leinkauff*, 78 Ala. 546.

[Wilcox & Gibbs Guano Co. v. Piedmont Lumber Co.]

CALDWELL & JOHNSON, for appellees.

HARALSON, J.—An execution, issued on a judgment recovered by appellants against A. O. Harwell for the sum of $812.85, and costs of suit, having been levied on a quantity of mixed lumber, an office-building and other property, appellee interposed a claim, and gave bond with sureties, conditioned as provided by section 3004 of the Code : whereupon the property was delivered to the claimant. On a trial of the right of property, a verdict was returned, and judgment rendered against the claimant. The value of the property levied on was assessed by the jury as follows: "65,997 feet of rough lumber, at $8.00 per thousand, $527.97, and 22,500 shingles, at $2.00 per thousand, $45.00, and 3,600 lathes, at $1.75, $63.00, and thirteen window sash, at $1.40, $18.00, 3 doors, at $1.25, $3.75 ; one office, at $40.00, and one lumber shed, at $10.00, making the total value of the property $859.34. Before the expiration of thirty days after the rendition of the judgment, the claimant delivered to the sheriff twenty-eight thousand, three hundred and seventy-nine feet of rough lumber, seven thousand, one hundred and eighty-one feet of dressed lumber, and the office building. The balance of the property not having been delivered, the sheriff endorsed the bond, forfeited, and thereupon, the clerk issued an execution against the claimant and the sureties on the bond for $859.94 the total assessed value of the property. The property delivered was sold by the sheriff and purchased by the claimant, for $50.00, which amount was credited on the execution. The claimant seeks by this proceeding, to supersede and quash the execution, claiming that it should be credited with $356.79, as the assessed value of the lumber delivered.

Section 3008 of the Code provides: "If judgment is rendered against the claimant, and he fails to deliver the property to the sheriff within thirty days thereafter, to satisfy the plaintiff's execution, the sheriff must endorse the bond forfeited; and thereupon the clerk must issue execution against all the obligors thereon, for the amount of the plaintiff's judgment, if that be less than the value of the property as assessed by the jury, or for the amount of such assessed value, if less than the amount of the judgment, and also for the damage, if any were assessed, and the costs of the trial of the right of property." The condition of the bond is to have the property—all the property levied on and claimed—forthcoming for the satisfaction of the plaintiff's judgment if

found liable therefor: the delivery of only a part is not performance of the condition of the bond. The claimant having failed to deliver all the property within the prescribed time, it became the duty of the sheriff to endorse the bond forfeited. When so endorsed and returned, the statute makes it the duty of the clerk to issue execution against all the bondsmen for the amount of the original recovery against the defendant in execution, or for the assessed value of the property, as the case may be. The statutory judgment, fixed by such endorsement and return of the bond, can be prevented only by full compliance with its condition. In *Munter v. Leinkauff*, 78 Ala. 546, it is said: "that when the liability becomes fixed by statutory judgment, it then becomes a question of payment *vel non*, as in case of any other debt reduced to judgment." The question then is, to what extent does the delivery of a part of the property levied on operate as payment in exoneration of the bondsmen?

In *Dunlap v. Clement*, 18 Ala. 778, the bond was given for the forthcoming of a stock of goods levied on by attachment. The plaintiff in the attachment caused the major part of the goods to be seized under a subsequent attachment against one of the sureties on the forth coming bond. The goods not seized, were delivered to the sheriff. While it was held, that the act of the plaintiff, having prevented compliance with the condition of the bond, was a discharge of the obligors, to the extent of the property seized under the second attachment, it was conceded, that the failure to deliver a part of the property, when not caused by the plaintiff, would amount to a forfeiture, and the bond would have the effect of a judgment, upon which execution could be issued for the amount recovered in the first attachment suit, and the bondsmen "would have been liable, for all which the goods delivered were not sufficient to satisfy." It is said, "It is true, as contended at the bar, that if the bond is returned forfeited for the non-delivery of only a small part of the property replevied, and there should be a large amount of the judgment remaining, after applying what was delivered, the obligors would be bound for it all, at law." The principle is analogous. The case of *Munter v. Leinkauff*, *supra*, is similar to the present, except that the levy in that case was upon a stock of merchandise. After stating the principle herein above stated, it is said, "Applying these principles, we hold that, when there was a failure to return all the goods levied on, the condition of the bond was broken, and the sheriff rightly returned it forfeited. When so returned, it became a statutory judgment against all the bonds-

men for the amount of the original recovery against Munter
and Brother, including interest thereon, but not to exceed
eight hundred dollars, the assessed value of the merchan-
dise." Also observing, that when the liability of the parties
becomes fixed by a statutory judgment, it becomes a ques-
tion of payment *vel non*, the conclusion is thus expressed:
"Partial delivery, not being a compliance with the require-
ments of the bond, any thing realized from the goods deliv-
ered, whether of the stock previously levied on or not, is
only payment *pro tanto*. It does not heal the forfeiture, nor
vacate the statutory judgment."

But counsel insist, that the decision in the case,—the levy
being on a stock of goods which could not be separately
assessed, from the nature of the article,—is not decisive of
the present case, in which the property was separately
valued. The chattels levied on were separately described
and valued, but, excepting the office, the partial delivery
was of a specific number feet of each, the rough and dressed
lumber, which consisted of many pieces no more suscep-
tible of separate description and valuation than the
articles composing a stock of merchandise. The valuation
of each was one and entire, though ascertained by a calcu-
lation based on a valuation per one thousand feet. As to
the lumber delivered, the case comes directly within the rule
declared in *Munter v. Lienkauff*, *supra*. True, some stress
was placed on the fact, that the valuation of the goods was
one and entire; and the court declined to decide, whether,
if the subject of the levy had been distinct chattels, sus-
ceptible of separate description and valuation, and their
values separately assessed by the jury, the forfeiture, if
there were a partial delivery, should not also be partial, and
the money recovery only for the separately valued chattels
which were not delivered. This question, especially as to
the delivery of the office, now comes directly for decision.
The fundamental principle, on which the rule rests, is that
when the bond is rightly endorsed and returned forfeited, it
is the right of the plaintiff, under the statute, to have exe-
cution for the amount of his judgment, or of the assessed
value of all of the property, if such value be less than the
judgment. The rule works no hardship. The claimant,
having obtained possession of the property by giving the
claim bond, becomes the legal custodian, and it is his duty
to safely keep it to be returned, if found liable to plaintiff's
execution. The right of the plaintiff is, if the property be
found liable, to have all of it sold, if necessary, to satisfy
his judgment. If a partial delivery is held to be a payment

[Louisville & Nashville Railroad Co. v. Echols.]

to the amount of the assessed value of the part delivered, this right of the plaintiff is defeated by the wrongful act of the claimant, in failing to comply with the condition of his bond, which is intended for the security of plaintiff. As tersely observed by Strong, J., in *Hill v. Robinson*, 44 Penn. St., 380, "The claimant has interfered with the process of the creditors, and compelled them to let go of goods which had been seized to satisfy the debt due them. This she has done without just cause, as the verdict in the inter-pleader establishes. She can not now select such portion of the goods as she chooses, and return the refuse over to the creditors, and insist that they shall accept them in partial satisfaction." So, also, when distinct chattels, susceptible of distinct valuation, are levied on, and separately valued by the jury, the claimant can not select such of the chattels as he considers under-valued, and turn over to the plaintiff, those which he regards as over-valued, by the jury, as payment *pro tanto*. Applying the foregoing principles, we hold, that, in such case, the bondsmen are only entitled to a credit on the execution of the amount realized by the sheriff, upon a sale of a part of the property delivered.—*Lee v. Moore*, 12 Mo. 458. The demurrer to the petition should have been sustained.

This opinion was prepared by the late Justice CLOPTON and adopted by the court.

Reversed and judgment rendered sustaining the demurrer.