[Wilcox & Gibbs G. Co. v. Piedmont Lumber Co.]

# Wilcox & Gibbs G. Co. *v.* Piedmont Lumber Co.

### *Petition for Supersedeas of Judgment.*

1. *Judgment against claimant on claim bond; § 3008 of Code.*—The condition of a claim bond, upon judgment against the claimant, requires *all* the property levied on and claimed, to be forthcoming for the satisfaction of the plaintiff's judgment; the delivery of only a part, is not performance of the condition of the bond.

2. *Same; forfeiture of bond; execution against bondsmen.*—The claimant having failed to deliver all the property levied on and found liable to plaintiff's judgment, it is the duty of the sheriff to endorse the bond forfeited, and of the clerk to issue execution against all the bondsmen, for the amount of the original recovery against the defendant in execution, or the assessed value of the property, as the case may be.

3. *Same; to what credit bondsmen are entitled.*—Upon failure of claimant to return all the property delivered to him under the claim bond, the bondsmen are only entitled to a credit on the execution for the amount of money realized by the sheriff on a sale of the part of the property delivered to him.

APPEAL from the Calhoun Circuit Court.
Tried before the Hon. LeROY F. BOX.

MATHEWS & WHITESIDE, for appellant.

1. The defendant's demurrer to the plaintiff's petition should have been sustained. The bond was an entirety, and when broken was wholly forfeited.—*Dunlap v. Clements*, 18 Ala. 778; *Anderson v. Rhea*, 7 Ala. 104.

2. The only credit the plaintiff was entitled to was the amount actually realized by the sheriff.—*Munter v. Lienkauf & Strauss*, 78 Ala. 546.

3. The judgment of the court crediting the execution with the value of the property as assessed by the jury was error.—78 Ala. 546.

The petition sets up no valid excuse for failing to deliver all the property within the thirty days.—§ 2966 Code.

S. D. G. BROTHERS, and W. J. BROCK, for appellee.

1. The exact question involved in the record has not been passed upon. The case of *Lienkauff & Strauss*, 78 Ala. 546, is distinguishable from this. See what the court say as to "*distinct chattels*" in that case.

[Wilcox & Gibbs G. Co. v. Piedmont Lumber Co.]

In the absence of any decision touching the precise point raised by this record, appellee insists that the presumption that the lower court did not err should be indulged.

HARALSON, J.—An execution, issued on a judgment recovered by appellants against A. O. Harwell for the sum of $812.85, and costs of suit, having been levied on a quantity of mixed lumber, an office-building and other personal property, appellee interposed a claim, and gave bond with sureties, conditioned as provided by section *3004 of the Code;* whereupon the property was delivered to the claimant. On a trial of the right of property, a verdict was returned, and judgment rendered against the claimant. The value of the property levied on was assessed by the jury as follows : "65,997 feet of rough lumber, at $8.00 per thousand, $527.97, and 12,114 feet of dressed lumber, at $12.50 per thousand, $151.42, and 22,500 shingles, at $2.00 per thousand, $45.00, and 3,600 laths, at $1.75, $63.00, and thirteen window sash, at $1.40, $18,00, 3 doors, at $1.25, $3.75 ; one office, at $40.00, and one lumber shed, at $10.00, making the total value of the property $859.34. Before the expiration of thirty days after the rendition of this judgment, the claimant delivered to the sheriff twenty-eight thousand, three hundred and seventy-nine feet of rough lumber, seven thousand one hundred and eighty-one feet of dressed lumber, and the office building. The balance of the property not having been delivered, the sheriff endorsed the bond, forfeited, and thereupon, the clerk issued an execution against the claimant and the sureties on the bond for $859.34, the total assessed value of the property. The property delivered was sold by the sheriff and purchased by the claimant, for $50.00, which amount was credited on the execution. The claimant seeks by this proceeding, to supersede and quash the execution, claiming that it should be credited with $356.79, as the assessed value of the lumber delivered. The court ordered the execution credited with the value of the property turned over to the sheriff, as assessed by the jury.

Section 3008 of the Code provides: "If judgment is rendered against the claimant, and he fails to deliver the property to the sheriff within thirty days thereafter, to satisfy the plaintiff's execution, the sheriff must endorse the bond forfeited ; and thereupon the clerk must issue execution against all the obligors thereon, for the amount of the plaintiff's judgment, if that be less than the value of the property as assessed by the jury, or for the amount of such assessed value, if less than the amount of the judgment, and also for

the damages, if any were assessed, and the costs of the trial of the right of property." The condition of the bond is to have the property—all the property levied on and claimed—forthcoming for the satisfaction of the plaintiff's judgment if found liable therefor; the delivery of only a part is not performance of the condition of the bond. The claimant having failed to deliver all the property within the prescribed time, it became the duty of the sheriff to endorse the bond forfeited. When so endorsed and returned, the statute makes it the duty of the clerk to issue execution against all the bondsmen for the amount of the original recovery against the defendant in execution, or for the assessed value of the property, as the case may be. The statutory judgment, fixed by such endorsement and return of the bond, can be prevented only by full compliance with this condition. In *Munter v. Lienkauff*, 78 Ala. 546, it is said, that when the liability becomes fixed by statutory judgment, "it then becomes a question of payment *vel non*, as in case of any other debt reduced to judgment." The question then is, to what extent does the delivery of a part of the property levied on operate as payment in exoneration of the bondsmen?

In *Dunlap v. Clements*, 18 Ala. 778, the bond was given for the forthcoming of a stock of goods levied on by attachment. The plaintiff in the attachment caused the major part of the goods to be seized, under a subsequent attachment against one of the sureties on the forthcoming bond. The goods not seized, were delivered to the sheriff. While it was held, that the act of the plaintiff, having prevented compliance with the condition of the bond was a discharge of the obligors, to the extent of the property seized under the second attachment, it was conceded, that the failure to deliver a part of the property, when not caused by the plaintiff, would amount to a forfeiture, and the bond would have the effect of a judgment, upon which execution could be issued for the amount recovered in the first attachment suit, and the bondsmen "would have been liable, for all which the goods delivered were not sufficient to satisfy." It is said, "It is true, as contended at the bar, that if the bond is returned forfeited for the non-delivery of only a small part of the property replevied, and there should be a large amount of the judgment remaining, after applying what was delivered, the obligors would be bound for it all, at law." The principle is analogous. The case of *Munter v. Lienkauff, supra,* is similar to the present, except that the levy in that case was upon a stock of merchandise. After stating the principles hereinabove stated, it is said, "Applying these principles, we

hold that, when there was a failure to return all the goods levied on, the condition of the bond was broken, and the sheriff rightly returned it forfeited. When so returned, it became a statutory judgment against all the bondsmen for the amount of the original recovery against Munter and Brother, including interest thereon, but not to exceed eight hundred dollars, the ascertained value of the merchandise." Also observing, that when the liability of the parties became fixed by a statutory judgment, it became a question of payment *vel non*, the conclusion is thus expressed, "Partial delivery, not being a compliance with the requirements of the bond, any thing realized from the goods delivered, whether of the stock previously levied on or not, is only payment *pro tanto*. It does not heal the forfeiture, nor vacate the statutory judgment."

But counsel insist that the decision in the case,—the levy being on a stock of goods which could not be separately assessed, from the nature of the articles,—is not decisive of the present case, in which the property was separately valued. The chattels levied on were separately described and valued, but, excepting the office, the partial delivery was of a specific number of feet of each, the rough and dressed lumber, which consisted of many pieces no more susceptible of separate description and valuation than the articles composing a stock of merchandise. The valuation of each was one and entire, though ascertained by a calculation based on a valuation per one thousand feet. As to the lumber delivered, the case comes directly within the rule declared in *Munter v. Leinkauff*, *supra*. True, some stress was placed on the fact that the valuation of the goods was one and entire; and the court declined to decide, whether, if the subject of the levy had been distinct chattels, susceptible of separate description and valuation, and their values separately assessed by the jury, the forfeiture, if there were a partial delivery, should not also be partial, and the money recovery only for the separately valued chattels which were not delivered. This question, especially as to the delivery of the office, now comes directly for decision. The fundamental principle on which the rule rests, is that when the bond is rightly endorsed and returned forfeited, it is the right of the plaintiff, under the statute, to have execution for the amount of his judgment, or of the assessed value of all of the property, if such value be less than the judgment. The rule works no hardship. The claimant, having obtained possession of the property by giving the claim bond, becomes the legal custodian, and it is his duty to safely keep it, to be re-

[Alabama Connelsville Coal & Coke Co. v. Pitts, Adm'r.]

turned if found liable to plaintiff's execution. The right of the plaintiff is, if the property be found liable, to have all of it sold, if necessary, to satisfy his judgment. If a partial delivery is held to be a payment to the amount of the assessed value of the part delivered, this right of the plaintiff is defeated by the wrongful act of the claimant, in failing to comply with the condition of his bond, which is intended for the security of plaintiff. As tersely observed by Strong, J., in *Hill v. Robinson,* 44 Penn. St. 380, "The claimant has interfered with the process of the creditors, and compelled them to let go of goods which had been seized to satisfy the debt due them. This she has done without just cause, as the verdict in the inter-pleader issue establishes. She can not now select such portion of the goods as she chooses, and turn the refuse over to the creditors, and insist that they shall accept them in partial satisfaction." So, also, when distinct chattels, susceptible of distinct valuation, are levied on, and separately valued by the jury, the claimant can not select such of the chattels as he considers under-valued, and turn over to the plaintiff those which he regards as over-valued by the jury, as payment *pro tanto.* Applying the foregoing principles, we hold that, in such case, the bondsmen are only entitled to a credit on the execution of the amount realized by the sheriff, upon a sale of the part of the property delivered. -*Lee v. Moore,* 12 Mo. 458. The demurrer to the petition should have been sustained.

This opinion was prepared by the late Justice Clopton and adopted by the court.

Reversed and judgment rendered sustaining the demurrer.