# *Ex Parte* Farrell.

## Mandamus.

### (Decided Feb. 10, 1916. 71 South. 462.)

**Divorce; Appeal; Effect.**—Notwithstanding a decree for alimony as an annual allowance is not final in the sense that it cannot be subsequently changed, yet where there was a final decree determining all the rights of the parties to the divorce proceedings, including the right to both permanent and temporary alimony, an appeal fully perfected by the execution of a supersedeas bond removed the entire proceeding to the appellate court, with the exception of collateral matters not involved in the appeal, and hence mandamus will not lie to compel the chancellor to allow temporary alimony pending the appeal.

[Ex Parte Farrell.]

ORIGINAL application in the Supreme Court.

Petition by Lucy Farrell to compel the Chancellor of the Northeastern Chancery Division to annul an order dismissing an application for alimony and suit money, pending an appeal in the divorce proceedings. Writ denied.

BETTS & BETTS, for appellant. DOUGLASS TAYLOR, and CLARENCE L. WATTS, for appellee.

MAYFIELD, J.—This is an original application to this court for a writ of mandamus, to be directed to the chancellor of the Northeastern chancery division, directing him to set aside and annul an order heretofore made by him, which order dismissed out of the chancery court petitioner's application for alimony and suit money pending an appeal from the chancery court decree which divorced petitioner from her husband and allowed her both permanent alimony and suit money for prosecuting and defending the divorce proceedings.

It was ruled by this court in the case of *Brady v. Brady,* 144 Ala. 414, 39 South. 237, that an appeal would not lie from an interlocutory order directing the payment of alimony pendente lite, and that mandamus was the proper remedy to vacate such interlocutory order or decree; and the rule has been repeatedly followed by this court in later cases. The petition to the chancellor for alimony pending the appeal, and this application for mandamus, are based on the decisions in the above indicated cases. The rulings in those cases, however, do not control the ruling in the case at hand. There is a final decree in this case, determining all the rights of the parties to the divorce, including the right to both permanent and temporary alimony. This decree will support an appeal; in fact, an appeal had been taken before the application was made to the chancellor. A supersedeas bond had been executed and approved, and the entire proceeding removed from the chancery court to this court. The chancery court and the chancellor had therefore lost all control over the parties and the subject-matter before the application was ever made to the chancellor. Assuredly, this court will not compel the chancellor to do what he has no authority to do. Had he issued the order as prayed, this court would have issued a mandamus prohibition, or other writ, appropriate and necessary to right the wrong.—*Ex parte Montgomery,* 114 Ala. 115, 14 South. 365, in

which case it was said, with apt reference here: "There are exceptions to the rule that 'an appeal, properly perfected, removes a case wholly and absolutely from the trial court and places it in the higher tribunal' (Elliott, App. Proc. § 541; *Allen v. Allen,* 80 Ala. 154), it is quite true (Elliott, App. Proc. § 542), but the present case is not one of them. The lower court, pending an appeal, may proceed in matters which are entirely collateral to that part of the case which is taken up, but it can do nothing in respect of any matter or question which is involved in the appeal, and which may be adjudged by the appellate court. The operation of the mandamus here prayed would be, as we have seen, to compel precisely this to be done by the court below."

Mr. Elliott in his work above cited (section 541) says: "The overwhelming weight of authority is that an appeal, properly perfected, removes a case wholly and absolutely from the trial court and places it in the higher tribunal. It is difficult to conceive how it could be otherwise, since it is not possible that two courts can have authority over a single case at the same time. The case must, of invincible necessity, be in the higher court or in the lower court, for it cannot be in both courts. As the authority of the inferior yields to the superior, the case is, for all purposes connected with the consideration and decision of the questions involved in it, completely within the jurisdiction of the appellate tribunal."

The same author (section 543) makes the pointed statement that: "Where a decree is entered in a suit for divorce, and an appeal is perfected, alimony cannot, as it has been held, be allowed during the pendency of the appeal by the trial court."

To this text is cited *Lewis v. Lewis,* 20 Mo. App. 546; *Cralle v. Cralle,* 81 Va. 773; *Pasour v. Lineberger,* 90 N. C. 159. The first two cases are exactly in point and support the text. In the Virginia case it is said: "Although, perhaps, an appeal in a chancery cause does not here, any more than in England, stop the proceedings under the decree from which the appeal is taken, yet there can be no manner of doubt but that the effect of an appeal, when fully perfected by the execution of the proper supersedeas bond, is to deprive the subordinate court of all power over the parties and subject-matter of controversy, until the cause is remanded back for its further action; and the only orders, therefore, which that court can rightfully make are such as are needful for the preservation of the res and the rights of the parties

pending the appeal.—*Slaughter House Cases,* 10 Wall. 273 [19 L. Ed. 915] ; *Littlejohn v. Ferguson,* 18 Grat. [Va.] 53; *Moran v. Johnston,* 26 Grat. [Va.] 108."

The Supreme Court of the United States seems to follow the same rule. In the case of *Keyser v. Farr,* 105 U. S. 265, 26 L. Ed. 1025, it is said: "After the acceptance of the bonds for the appeal, and the docketing of the cause in this court, the jurisdiction of the court below was gone. From that time the suit was cognizable only in this court. In *Goddard v. Ordway,* 101 U. S. 145 [25 L. Ed. 1040], there was nothing more than the formal order of allowance entered, as in this case, with the final decree. Such an order, while in that condition, it was held, was subject to the control which every court retains over its ordinary judgments during the term. In *Droper v. Davis,* 102 U. S. 370 [26 L. Ed. 121], however, it was decided that, after a bond had been accepted by one of the judges in accordance with such an order of allowance, the jurisdiction was transferred from the court below."

We are not unmindful of the rule, that decrees for alimony, as annual allowances, are not final in the sense that they cannot be subsequently changed. Such decrees are usually left open, and subject to be changed, as the circumstances and necessities of the case may require.—*Clisby v. Clisby,* 160 Ala. 572, 49 South. 445, 135 Am. St. Rep. 110.

On appeal, this court can alter or change the result in the lower court, or direct the chancery court to change it, as present or subsequent facts may justify.

Mandamus denied.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.