Ex parte EDWARDS. (6 Div. 639.)

(Court of Appeals of Alabama. March 17, 1925. Rehearing Denied April 14, 1925.)

1. Mandamus ⬳35—Trial judge's discretion in fixing amount of bond to supersede judgment in detinue suit for recovery of property cannot be revised by mandamus.

Under Code 1923, § 6133, amount of bond to supersede execution of part of judgment in detinue suit for recovery of property, or possession thereof, is within trial judge's discretion, which cannot be revised by mandamus.

2. Mandamus ⬳3(1), 10, 28—Issues when right is clear; never issues when other remedy exists; never issues to control judicial action.

Mandamus is extraordinary remedy, and issues only to compel action by officer refusing to hear and determine matter presented for decision, and never issues, from superior to inferior court, except when right is clear and there is no other remedy, and never to control judicial action or direct judicial officer how to act or what conclusion to reach.

3. Mandamus ⬳35 — Will issue to compel judge of inferior court to act as intended by statute in fixing amount of and approving supersedeas bond.

Judge's discretion in fixing amounts of and approving supersedeas bonds is not unbridled, and appellate or superior courts, where it appears that judge's action was capricious and arbitrary, and mere subterfuge or excuse for not acting in manner or to end required by statute, will compel such action by mandamus.

4. Mandamus ⬳35—Fixing amount of supersedeas bond at $2,000 held not arbitrary or capricious, but merely erroneous.

Circuit judge's act in fixing amount of bond to supersede execution of judgment for recovery of property, or possession thereof, in detinue suit, at $2,000, held not arbitrary or capricious, so as to authorize correction or revision by mandamus, but merely erroneous as fixing excessive amount.

Original petition by Jesse Edwards for mandamus to Hon. Richard V. Evans, as judge of the Circuit Court of Jefferson County. Mandamus denied.

Charles W. Greer, of Birmingham, for petitioner.

The discretion of the trial judge in fixing bond under section 2874 of the Code of 1907 is not unbridled. Drake v. Webb, 63 Ala. 596. The damages contemplated by the statute are those for delay in execution of the judgment, if affirmed. Ex parte Sibert, 67 Ala. 349; Hughes v. Hatchett, 55 Ala. 539; Cahall v. Citizens', etc., Ass'n, 74 Ala. 539; Fidelity & Deposit Co. v. Metal Const. Co., 162 Ala. 323, 50 So. 186; Montgomery Gaslight Co. v. Merrick, 61 Ala. 534.

Thomas J. Judge, K. E. Cooper, and Edgar Allen, all of Birmingham, for respondent.

The fixing of the bond is within the discretion of the trial court. Code 1923, § 6133. Mandamus will not lie to control the exercise of discretion. Ex parte Scudder-Gale Co., 120 Ala. 434, 25 So. 44; Board of Rev. v. State, 163 Ala. 441, 50 So. 972; 9 Michie's Ala. Dig. 783; Ducourneau v. Langan, 149 Ala. 647, 43 So. 187.

---

BRICKEN, P. J. This is an original application to this court for a mandamus to Judge Richard V. Evans, judge of the circuit court of Jefferson. county, commanding and compelling him to set aside an order made by him as judge of the circuit court, which order provided that the clerk should issue an execution against the defendant and sureties on his replevin bond in a detinue suit, unless the defendant filed a supersedeas bond within 15 days. The defendant had theretofore appealed in the detinue suit to this court, and had executed a supersedeas bond of $2,000, as provided by section 2874 of the Code of 1907 (section 6133 of the present Code), which operated to supersede the money judgment, which was the alternate value of the property sued for, and which the jury had fixed at $800, together with $100 for the detention of the property. The second bond ordered by the circuit court was intended to meet the second condition provided for in section 2874 of the Code of 1907 (section 6133 of the present Code).

[1] The statute, . after providing for the execution of the supersedeas bond in double the amount of the money judgment, provides that if the judgment is for the recovery of property or the possession thereof, and the appellant desires to supersede the execution of that part of the judgment or decree, he must also execute a bond, with good and sufficient sureties, payable to the clerk or register "in such sum as ,the judge in writing prescribes."

It is evident that the authority and power to fix the amount of this second bond is vested in the .trial judge. The vesting of this authority and power in the judge of necessity involves the exercise of discretion, which cannot, by the exercise of mandamus, be revised by any other court.

[2] Mandamus is an extraordinary remedy. This extraordinary writ issues only to compel action when the matter is presented for decision before an officer, charged in that regard, and who refuses to hear and determine it; but it never issues to control judicial action or to direct a judicial officer how to act or what conclusion to reach. , Ex parte Jones, 94 Ala. 34, 10 So. 429 ; Dunbar v. Frazer, 78 Ala. 538. It never issues from a superior to an inferior court, except when the right is clear and there is no other remedy. Wilson v. Duncan, 114 Ala. 659, 21 So. 1017. It never lies to control or direct discretionary powers of lower courts. It is a conservative, and not a creative, remedy. Ex parte Scudder-Gale Gro. Co., 120 Ala. 434, 25 So. 44; Ex parte Woodruff, 123 Ala. 100, 26 So. 509.

It is not disputed that an execution could or should not issue pending the appeal, unless this second supersedeas bond was executed, or unless a bond ·had been executed, conditioned as the statute requires the bond in question to be conditioned; and, of course,· it cannot be denied that the judge of the circuit court had the authority and power to fix the amount of the bond, and that he did so fix the amount· of the bond.

[3] The defendant's objection to the bond is on the ground that it is unreasonable; that the amount fixed by the trial or circuit judge was excessive; that it was not framed with a view of indemnifying against the losses which the statute contemplated. It is very true, as is contended by counsel for the petitioner in this case, that the discretion given judges in fixing the amounts of bonds and in approving them is not an unbridled discretion ; nor does it authorize the judges to fix bonds at wholly unreasonable or wholly inadequate amounts, nor does it authorize them to act arbitrarily or capriciously in approving such bonds. It is also true, as contended by counsel for petitioner, that appellate or superior courts will by mandamus compel judges of inferior courts to fix the amount of appeal or supersedeas bonds and approve them within the statute, authorizing or requiring the judges so to do, and that, if it is made to appear to the superior or appellate court that the judge has acted in the matter in fixing the amount of the bond, approving it, etc., but that such action was capricious and arbitrary, was, in truth and in fact, not such action as the statute contemplated, but a mere subterfuge or a fallacious excuse for not acting in the manner or to the end which the statute required him to act, the court will compel such action as the statute intended.

[4] We are not. able or willing to decide in this case that the action of the trial or cir-, cuit judge was arbitrary or capricious in fixing the amount of the bond at $2,000. We are rather inclined to the opinion that his action was merely erroneous, and, for this reason, we cannot correct or revise it by mandamus. It will be observed that, where the appeal bond is intended to supersede the execution of a money judgment, the statute fixes the amount of the bond at double the amount of the judgment desired to be superseded; but,. if the judgment is also for the performance of some other act or duty by the defendant, or for the recovery of property or possession thereof, and the appellant desires to supersede the execution of that part of the judgment or. decree, he must give another or an additional bond. The first bond referred to is. payable to the plaintiff in judgment in double the amount of the money judgment, conditioned to pay such judgment as the appellate court may render; while the second bond is payable to the clerk or register, not to the plaintiff, which bond must be in such sum as the judge may in writing prescribe, leaving this amount necessary to the discre: tion of the judge. This bond is conditioned to pay all such costs or damages "as any

party aggrieved may sustain" by reason of the wrongful appeal. Consequently, any person injured by the wrongful appeal might recover under this second bond; whereas, only the plaintiff could recover under the first bond, and could recover only such judgment as the court might render.

While we are unable to see or understand how any third party could be damaged by the wrongful appeal in this case, or how the plaintiff could possibly be damaged to the extent of $2,000 in addition to the payment of whatever judgment this court might render on appeal, yet we are likewise unable to say that the trial judge acted arbitrarily or capriciously in fixing the amount at $2,000.

We do not hesitate to say that we think the amount of $2,000 for this second bond is excessive; but the law does not vest in this court the power to fix the amount, but vests that authority and power in the trial court, and does not vest in this court the authority or power to revise the erroneous action of the trial court by mandamus. If the court had revisory power on this petition, it would not hesitate to revise the action of the trial court in fixing the amount of the second bond at $2,000; but it has no such power or authority. There may be conditions or circumstances of which this court is not apprised or is not aware; but, so far as it is made to appear by this proceeding, or by the brief of counsel for petitioner or respondent, it would seem that a bond of $300 or $400 would have been adequate security for all damages which could accrue from a wrongful appeal in excess of the judgment which this court might render on appeal, and, of course, the object and purpose of the second bond or the second condition is to provide for the payment of damages in excess of, or not provided for in, the first bond. In other words, the second bond is not to provide for or against the damages which might be suffered or provided for in the first bond.

It therefore follows that the petition for mandamus must be denied.