(127 So. 829)

**FIDELITY & DEPOSIT CO. OF MARYLAND
v. TORIAN.**

8 Div. 176.

Supreme Court of Alabama.

April 17, 1930.

132

S. A. Lynne, of Decatur, for appellant.

E. W. Godbey, of Decatur, for appellee.

SAYRE, J.

Suit on a bond of supersedeas conditioned to pay, among other things, "all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal" in the case of Ward v. Torian, 216 Ala. 288, 112 So. 815. The bond was payable to the clerk of the trial court, and this suit is by the clerk for the use and benefit of plaintiff, appellee. Plaintiff sought to recover damages in the way of counsel fees, liability for which had been incurred in the defense of the appeal and in defending against an application for rehearing in this court.

Ward v. Torian was an action of ejectment by Torian against Ward in which the plaintiff had a judgment for the recovery of a body of land. The bond here in suit was given for a supersedeas of the execution of the judgment in that case. Originally the action in that case had been brought against the Tennessee Valley Bank and J. E. Kelley, the latter being an officer of the bank and not otherwise interested nor in possession. Ward was a nonresident and by agreement was substituted as sole party defendant. The substituted defendant was never in possession. On judgment for the plaintiff in that suit a writ of possession was issued, but never executed; the supersedeas here in suit having been entered into by Ward and the appellant in this action, the Fidelity & Deposit Company, as her surety.

The argument for appellant is in substance that the sole consideration of the supersedeas bond was the stay of the writ of possession and that consideration failed for the reason that Ward was never in possession, and therefore there could be no recovery on the bond. In Torian v. Ward, plaintiff there, appellee here, had judgment for the land there in suit, as we have said, and for the costs; but no other damage was assessed or adjudged—there was no judgment for mesne profits. In this state of case the court is of opinion that the argument to the effect that there was no consideration for the supersedeas cannot be sustained. The judgment for costs was superseded and the finality of the judgment for the recovery of the land was suspended pending the appeal. Appellant quotes in support of its argument from Cahill v. Citizens' Mutual Building Association, 74 Ala. 542, as follows: "Security, indemnity against loss or injury, resulting to the plaintiff directly from the suspension of the execution of the judgment, it is the manifest object of the statute, and of the bond required, to afford. The loss of the possession, the value of its use, pending the appeal, is the immediate consequence of the suspension of the execution, for which the plaintiff is entitled to compensation."

But the court used the quoted language in denying appellant's proposition in

that case, viz., that the supersedeas bond embraced only damages resulting from the appeal, and not damages resulting from the stay or suspension of execution of the judgment pending the appeal, i. e., the loss of possession. The court held that the purpose of the statute and of the bond made in pursuance thereof was to keep the parties in statu quo pending the appeal. This purpose, we now say, reached not only to possession of the property, but every other consequence of the judgment, including costs, and the evidential status and value of the judgment pending appeal. Delay in the settlement of the title in the plaintiff was consideration enough to support the bond. Detriment to the promisee, successful plaintiff, as well as benefit to the promisor, principal in the supersedeas bond, furnished consideration sufficient in law to support the contract. 13 C. J. 311, note 64.

■■ The case of State v. Sixth Judicial District Court, 22 Mont. 449, 57 P. 89, 90, 145, 24 Am. St. Rep. 618, from which appellant quotes at length, was very different. In that case the plaintiff, pending the appeal from a judgment for money, had procured an execution to issue and a sale of the defendant's property. This was held to have released the sureties on the appeal bond for the difference—as we read the case—between the judgment and the amount realized from the sale; this for the reason, as the court stated the case, that "the suspension of a levy under an execution against a judgment debtor until his appeal can be heard by the supreme court may operate so advantageously to such an appellant as to impose upon the sureties on the stay bond comparatively slight risk of eventually having to pay the judgment appealed from should the same be affirmed, while a levy before the appeal is heard and determined might have the effect of ruining the appellant, and removing every opportunity, otherwise close at hand, to prepare himself to pay the judgment, if affirmed, and to protect his sureties against payment on their part." Obviously, that process of reason, whatever its cogency in the case there under consideration, cannot be applied to the facts in this case. If it should be conceded that the bond was not executed in order to secure, or with effect of securing, in all respects the benefits of a supersedeas made in pursuance of the statute, section 6134 of the Code, still the successful plaintiff had an immediate interest in defending the appeal and was entitled to be secured against costs and expenses incurred or paid by him for professional services rendered for him in this court (Shows v. Pendry, 93 Ala. 248, 9 So. 462), and it would be necessary to hold that the bond was binding as a common-law obligation. Miller v. Vaughan, 78 Ala. 323; Leech v. Karthaus, 135 Ala. 400, 33 So. 342, and authorities there cited.

■ Like considerations lead us to the conclusion that Burnham v. Edwards, 125 Okl. 272, 257 P. 788, 53 A. L. R. 800, from which also appellant quotes at length, does not help his case. It cannot be said that plaintiff here, appellee in Ward v. Torian, prevented defendant from obtaining the benefits afforded by the bond, for, though by agreement defendant was admitted to defend, the fact is that she was never in possession, but did secure by the bond whatever benefit she may have considered the suspension of the judgment afforded her pending the appeal and operated as a detriment to appellee in postponing the settlement of his title.

■ The transcript of the record in the original case of Torian v. Ward, including the bill of exceptions, on appeal, was properly admitted in evidence. The bill of exceptions, as well as the transcript proper, shed necessary light upon the issues made in the present case and contributed to an understanding of the nature and value of the services rendered by appellee's attorney in that case on appeal, the subject-matter of the suit in this.

■ Appellee put in evidence a certified transcript of the record of this court in the case of Ward v. Torian, including the judgment affirming the judgment rendered in the trial court. This transcript included a certificate by the clerk to the effect that an application for rehearing had been overruled. Miller v. Vaughan, which we have heretofore cited to another point, and in which the clerk's certificate was offered as evidence of a judgment of affirmance, held, in agreement with appellant's contention in the present case, that, on the authority of Dothard v. Sheid, 69 Ala. 135, it was decided that the best and only legal evidence of the reversal of a judgment by this court was a transcript of the record properly certified or exemplified. So far as concerns the question just here at issue, this last-mentioned case was decided on the apt authority of Draughan v. Bank, 3 Stew. 54, and Locke v. Winston, 10 Ala. 849. Whether a transcript of the judgment merely overruling an application for rehearing, as distinguished from a certificate of the clerk to that effect, may be necessary, and whether there may not be a difference in the cases of orders granting or overruling such applications, we need not at this time inquire, for, whatever might be considered as to that, the ruling in this case is that no reversible error has been shown; this for the reason that, had the certificate as to the ruling on rehearing been excluded, agreeably to appellant's motion, the judgment of affirmance would have remained, disclosing, along with the transcript of the bill of exceptions, every matter necessary to be considered by the trial court or by this court on appeal.

■ It is not thought that the exception to the court's oral charge, reserved for review in

the thirty-sixth assignment of error, gave undue weight to the expert testimony of the attorneys who testified for appellee as to the value of their services for appellee on appeal in the cause in which the supersedeas bond was given. That part of the charge to which exception was reserved is taken out of its context, so that it does not accurately represent the court's statement of the method to be followed by the jury in considering the evidence on the subject. But, without the context, we do not find that the court gave undue weight or influence to the expert opinions in evidence. Its charge was in substantial ac-. cord with what this court said on the subject of the weight and value of expert testimony in Alabama G. S. v. Hill, 93 Ala. 574, 9 So. 722, 30 Am. St. Rep. 65.

The record does not disclose any such exception to the court's oral charge as that set out in the thirty-eighth assignment of error.

The judgment is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.