This is a petition of The Home Indemnity Insurance Company for an original writ of mandamus to compel the Honorable Ferrill D. McRae, Judge of the Circuit Court of Mobile County, to accept a supersedeas bond conditioned as Home Indemnity would have it as opposed to the conditions of a supersedeas bond according to terms required by Judge McRae.
The bond would supersede, pending appeal, execution and operation of two declaratory judgments entered adversely to Home Indemnity regarding its duty to defend and to pay any judgments rendered against Reed Equipment Company, Inc., Leo M. Reed and Joel Earl, in negligence actions wherein Cecil David Turner and Allen D. Bradwell seek damages from Reed Equipment, Reed, and Earl, insureds of Home Indemnity.
The issue which determines the outcome of this appeal is whether the trial court abused its discretion when it required Home Indemnity to file a supersedeas bond containing the following terms:
 "`Now, therefore, the condition of the foregoing obligation is such that, if Appellant fails in the appeal it will pay such judgment as the Appellate Court may render in the premises, and all such costs, and damages as any party aggrieved may sustain by reason of the execution of the decree, then the said obligation to be null and void, otherwise to remain in full force and effect.'" (Emphasis supplied.)
in lieu of one containing words as follows:
 "`Now, therefore, the condition of the foregoing obligation is such that, if the Appellant shall prosecute this appeal to effect and satisfy such decree, penalties, costs, including costs of appeal as may be rendered in this case, then the said obligation to be null and void, otherwise to remain in full force and effect.'"
Home Indemnity contends the trial court could not require it to execute and file the supersedeas bond with terms as first set out above, because the supersedeas bond with conditions as required by the trial court would make Home Indemnity liable for any attorneys' fees incurred by Reed Equipment, et al., in defending the appeal of the declaratory judgments, should its appeal be unsuccessful; therefore, the order requiring such a supersedeas bond was improper. This argument is totally without merit. In Osborn v. Riley, 331 So.2d 268 (Ala. 1976), this court reaffirmed a long line of Alabama decisions which held attorneys' fees were proximate damages recoverable in an action on a supersedeas bond where an unsuccessful appellant had superseded that portion of a judgment requiring the performance of some act or duty other than the payment of money. Osborn, therefore, allows trial judges to require supersedeas bonds conditioned as the one at issue in this case, where the judgment or decree requires an act or duty other than the payment of money.
Home Indemnity implies that Rule 8, ARAP, changed the law regarding supersedeas bonds since Rule 8 supplanted Code 1940, Title 7, §§ 793, 794, and 795. While it is true the above sections were replaced by Rule 8, and thus left out of the 1975 Code, they were in fact incorporated into Rule 8. See Committee Comments to Rule 8, ARAP. Rule 8 still recognizes there are three separate types of judgments that can be superseded, viz.: (1) judgments for the payment of money only; (2) judgments for the payment of money which also require the performance of, or the staying of the performance *Page 1358 
of, acts or duties other than the payment of money; and (3) judgments requiring the performance of, or the staying of the performance of, acts other than the payment of money.
Rule 8 (a)(2), applicable to this case, definitely allows the trial judge to shape the supersedeas bond to conform to the facts of the case. This is demonstrated by the language: "* * * in such sum, in addition to the sum required for money judgments only in (1) above, as the trial court may in writing prescribe; * * *." Furthermore, since the former statutes governing supersedeas bonds were incorporated in Rule 8 without substantial change, former decisions interpreting those statutes govern interpretation of the rule, there being no intention to the contrary expressed in the rule. See Lewis v.Hitt, 370 So.2d 1369 (Ala. 1979).
For the stated reasons, we deny the petition for the writ of mandamus.
PETITION FOR THE WRIT OF MANDAMUS DENIED.
TORBERT, C.J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.