Robert W. Rogers and Virgil D. Rogers petitioned this Court for a writ of mandamus and an order of seizure, directed to the Honorable William W. Cardwell, Jr., of the Circuit Court for Etowah County, Alabama. The writ is due to be denied.
The facts of this case are summarized as follows:
The Rogerses entered into a "Sale and Purchase Agreement" ("Agreement") with CaCe, Inc., under the terms of which the Rogerses purchased three restaurants, with the equipment, furniture, and fixtures connected thereto, as well as an assignment of the leases to the real property upon which the businesses are located. The Rogerses were obligated to CaCe, Inc., in the following amounts:
A) $20,000.00 was to be paid at the closing of the transaction.
B) $10,000.00 was to be paid within 10 days after the closing of the transaction.
C) A $130,000.00 promissory note was to be executed in favor of CaCe, Inc., with 18 monthly payments of $7,957.93 each. *Page 246 
After the sale was closed and the Rogerses took possession of the restaurants, a dispute arose between the Rogerses and CaCe, Inc., regarding the condition of the business assets relative to certain representations alleged to have been made by CaCe, Inc. Consequently, the Rogerses refused to pay the $10,000.00 lump sum payment, and did not honor the $130,000.00 promissory note, and filed suit in Etowah County, alleging fraud. Named in the lawsuit were CaCe, Inc., and Kenneth Sholer, an individual, as defendants. That action is still pending in Etowah County Circuit Court. CaCe, Inc., filed a counterclaim for a judgment on the promissory note and the Agreement. CaCe, Inc., also filed a detinue action on the collateral with a motion for a writ of seizure. It is in regard to the detinue action that this writ is filed.
After three hearings on the detinue action, Judge Cardwell entered an order of seizure, which required, inter alia, the following:
 1) That based on the Rogerses' waiving the Code of Alabama 1975, § 6-6-250(b), provisions requiring seizure by the sheriff and the subsequent posting of a bond, that the Rogerses could retain possession of the restaurants after filing a $160,000.00 bond within five days of the judge's order.
 2) That if the Rogerses failed to provide the bond required, CaCe, Inc., could take possession of the restaurants after posting a $30,000.00 bond.
The sole issue presented by this petition for writ of mandamus is:
Whether a writ of mandamus should issue to compel a trial judge to increase a replevin bond after the petitioner has waived strict compliance with the detinue statute.
The writ is denied. Mandamus is an extraordinary remedy and should not be granted unless the petitioner's right to relief is clear and there is no other adequate remedy. Ex parte ArmyAviation Center Federal Credit Union, 477 So.2d 379 (Ala. 1985). The right sought to be enforced must be a matter of peremptory duty and not a matter of judicial discretion. Bankof Heflin v. Miles, 294 Ala. 462, 318 So.2d 697 (1975). The remedy of mandamus will not lie to compel a trial court to exercise its discretion in a particular manner, nor to review the trial court's proceedings for error, nor as a substitute for appeal. Ex parte Hooper, 453 So.2d 1066 (Ala. 1984). CaCe, Inc., argues that the Rogerses have not shown that the trial court abused its discretion, and have not shown a clear right to the relief sought. CaCe, Inc., further argues that the Rogerses may maintain possession of the collateral pending final judgment by posting the required replevin bond. The Rogerses, on the other hand, argue that the trial judge had no discretionary authority to set different amounts as to the two replevin bonds, and that he had no authority to set either except in an amount double the value of the property and that the trial judge's refusal to do so violated the Rogerses' right to relief. They also argue that if the trial judge, in his findings, considered the likelihood of CaCe's success on the merits of their action, in determining whether the order of seizure should be granted, then he violated the rule and spirit of Code of Alabama 1975, § 6-6-250, and A.R.Civ.P. Rule 64 by invading the province of the jury, and that this Court should by mandamus vacate the trial court's order.
We disagree. Mandamus is an extraordinary remedy that should be granted when there is a clear showing that the trial court abused its discretion and exercised it in an arbitrary or capricious manner. Ex parte Baker, 459 So.2d 873 (Ala. 1984).
The Court of Appeals addressed a very similar issue in Exparte Edwards, 20 Ala. App. 567, 104 So. 53 (1925), in which it stated:
 "It is also true, as contended by counsel for petitioner, that appellate or superior courts will by mandamus compel judges of inferior courts to fix the amount of appeal or supersedeas bonds and approve them within the statute authorizing or requiring the judges so to do, and that, if it is made to appear to the superior or appellate court that the judge has acted in the matter in fixing the amount of the bond, approving it, etc., but that such action was capricious and arbitrary, [and] *Page 247 
was, in truth and in fact, not such action as the statute contemplated, but a mere subterfuge or a fallacious excuse for not acting in the manner or to the end which the statute required him to act, the court will compel such action as the statute intended."
In this case, the Rogerses waived the provisions of Code of Alabama 1975, § 6-6-250, requiring seizure and posting of a bond in double the amount of the property. Judge Cardwell then allowed the creditor's seizure of property for which the debtors had obligated themselves, but as to which they had defaulted on their obligations. The trial court allowed seizure of the subject property by CaCe, Inc., upon posting a $30,000.00 bond, but subject to the Rogerses' posting a bond in the amount of the value of the property — $160,000.00. We cannot hold that Judge Cardwell, in allowing a reduced bond for the creditors, acted capriciously or arbitrarily, as those terms are defined by the Edwards case. We, therefore, hold that the writ of mandamus is due to be denied, and Judge Cardwell's order of seizure is to remain in effect.
WRIT DENIED.
TORBERT, C.J., and JONES, SHORES and STEAGALL, JJ., concur.