This is an appeal of a finding of the damages and costs due pursuant to a supersedeas bond.
In a previous proceeding in the trial court, Rebecca Ann Hudson (wife) was found to be in contempt for her contumacious failure to deed certain property to A.R. Hudson (husband) pursuant to a divorce decree. The wife petitioned this court for a writ of certiorari, and we held that the trial court had properly determined that the wife was in contempt. Hudson v.Hudson, 521 So.2d 40 (Ala.Civ.App. 1987).
However, prior to bringing the petition to this court, the wife was required to post a supersedeas bond in the amount of $63,750. The bond stated, inter alia, that the wife agreed to "satisfy such judgment, penalties, costs, including costs of appeal as may be rendered in this case" if the wife was not successful on her petition to this court.
After a judgment in favor of the husband, the husband brought suit on the supersedeas bond to recover attorney fees incurred, depreciation, interest on the value of the land, taxes, and interest on the mortgage during the time that the wife unlawfully retained title to the land. The husband also sought to recover expert witness fees because expert testimony was required to prove the depreciation on the land and the interest on the value of the property.
Following an ore tenus hearing, the trial court awarded the husband the attorney fees, the taxes and interest paid on the mortgage, and the expert fees. However, the trial court held that the amount of depreciation and amount of interest on the value of the land were not recoverable because these amounts were too speculative.
On appeal, the wife argues that because "attorney fees," "taxes," "interest," and "expert witness fees" were not specifically designated as damages recoverable under the bond, the husband cannot recover these as "costs of appeal." Also, she contends that an award of attorney fees for the contempt proceeding was improper because the record did not reference the parties' agreement as to the amount of such fees. We disagree.
Initially, we note that the judgment of a trial court following an ore tenus hearing is presumed correct and will not be set aside unless it is plainly and palpably wrong.Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986).
Implicit in its opinion, the trial court determined that certain costs and damages were "costs of appeal" pursuant to Rule 8, Alabama Rules of Appellate Procedure. Rule 8, A.R.A.P., requires an appellant to execute a supersedeas bond with sufficient sureties to stay execution of the judgment. The purpose for requiring the bond is as stated:
 "[T]o keep the parties in statu quo pending the appeal. This purpose, we now say, reached not only to possession of the property, but every other consequence of *Page 1086 
the judgment, including costs, and the evidential status and value of the judgment pending appeal."
Fidelity Deposit Co. v. Torian, 221 Ala. 131, 133,127 So. 829, 831 (1930). See also Osborn v. Riley, 331 So.2d 268, 274
(Ala. 1976).
The committee comments to Rule 8, A.R.A.P., state in part as follows:
 "Subdivision (a) provides for the stay of execution of a judgment pending appeal in three situations: . . . In so providing, it supersedes Title 7, §§ 793, 794 and 795. . . ."
Code 1940, title 7, § 794, which was superseded by Rule 8, provided in part as follows:
 "If the decree or judgment be for the payment of money, and also for the performance of some other act or duty, or for the recovery of property, real or personal, or the possession thereof, or for the sale of property, real or personal, and the party appealing wishes to supersede the execution of such judgment or decree, he must, . . . also execute bond with good and sufficient sureties, payable to the clerk or register, in such sum as the judge may in writing prescribe, with condition to pay all such costs and damages as any party aggrieved may sustain by reason of the wrongful appeal and suspension of the execution of the judgment or decree; . . . ."
(Emphasis added.)
Whereas title 7, § 794, required that the word "damages" be included in order for damages to be recoverable under a supersedeas bond, we find that a clear reading of Rule 8 reveals that there is no such requirement under the rule. Therefore, it is not required that the specific items the husband sought to recover as "damages" be set out in the supersedeas bond. Consequently, we reject the wife's contention that the award of attorney fees, expert fees, taxes, and interest paid on the mortgage was improper on this ground.
Furthermore, the wife contends that the court erred in awarding attorney fees incurred by the husband in defense of the contempt proceeding because the record did not include the parties' agreement as to the amount of such an award. However, the record reveals that the trial judge, in a hearing conducted on November 10, 1988, stated that the failure to include such an agreement in the record was merely an oversight. It is clear that the trial court can correct errors arising from an oversight or omission at any time. Perry v. Perry, 54 Ala. App. 296, 307 So.2d 540 (1975). Therefore, we find no error.
With regard to the award of real estate taxes and interest on the mortgage paid by the husband during the period in which title to the property was encumbered, the wife further contends that such an award was an improper measure of damages. We disagree. We are unaware of any case law, including that cited by the wife's attorneys, that would support this contention. Therefore, in light of our standard of review, we cannot hold that the trial court's judgment was plainly and palpably wrong with regard to this issue.
In consideration of the foregoing, we affirm the judgment of the trial court.
AFFIRMED.
INGRAM, P.J., and ROBERTSON, J., concur.