YATES, Judge,
concurring in result only.
I concur in the result of the main opinion. I have grave concerns, however, that the trial court was allowed to proceed with trial when the issues pending in the Supreme Court were, in my opinion, not “entirely collateral” to a determination of paternity. (See main opinion wherein it quotes from Osborn v. Riley, 331 So.2d 268, 271 (Ala.1976)). Collateral is defined as “accompanying as a secondary fact, activity, or agency but usu. extrinsic to a main consider *384 ation: similar but subordinate: ... placed or regarded as side by side: parallel, coordinate, or corresponding in position, order, time, or significance.” Webster’s Third New International Dictionary, 444 (1971). I do not believe that the relationship of blood tests to the paternity determination fits within this definition.