TAYLOR, Judge.
The appellant, Mary R. Brothers, was convicted of criminal trespass in the third degree, a violation of § 13A-7-4, Code of Alabama 1975. She was sentenced to 30 days in jail, and her sentence was split and she was ordered to serve 10 days in jail and was placed on probation for 2 years.
The state’s evidence tended to show that the appellant was arrested for criminal trespass in the third degree on March 18, 1993. The facts of this case arise out of a previous civil action between the appellant and her daughter and son-in-law, Linda Ann Brothers Fuller and Doug Fuller. The facts as set out in Brothers v. Fuller, 607 So.2d 135, 136 (Ala.1992), were essentially proven in this criminal case and are helpful in understanding the background of this ease:
“The plaintiff, Mary Ruth Brothers, appeals from a judgment entered by the trial court, after hearing ore tenus evidence, in favor of the defendants, Linda Ann Brothers Fuller and her husband, Doug Fuller, on Brother’s demand that a constructive trust be imposed so as to require a conveyance of property owned by the Fullers to her.
“The record indicates the following facts:
“After a series of conveyances, the Fullers came to hold title to property that had been owned by Brothers and her husband. Linda Fuller is the daughter of the Broth-erses and the record indicates that the subject property was conveyed to the Fullers because the Brotherses were experiencing financial difficulties.
“The record also indicates that in 1987, at Mr. Brothers’s request, Linda Fuller borrowed $6560 from Community Bank, secured by a mortgage on the subject property, and gave the loan proceeds to the Brotherses. Mrs. Brothers testified that she made payments on this loan ‘for a while.’
“The record also indicates that in May 1989 Linda Fuller paid off that loan’s bal- *103 anee of approximately $5000 with proceeds of a second loan for $15,000.
“As to this $15,000 loan, the record indicates that the Fullers borrowed this amount, secured by the subject property, to pay off the earlier loan and to use the balance of the proceeds for making improvements to the property. Specifically, an old building was located on the property, and with proceeds from the loan the Fullers began renovating the building for use as a restaurant.
“Mrs. Brothers testified that she was on the subject property every day after the renovation work started and was aware of the $15,000 loan. She stated that she never made any payment on this loan. Also, she testified that until the work was nearly complete, she did not express any disapproval of the Fullers’ action in altering the property. The record indicates that around that time, a dispute erupted between the Fullers and the Brotherses and that Mrs. Brothers requested that the property by reconveyed to her. The Fullers refused to reconvey. Subsequently, Mr. Brothers died. Mrs. Brothers sued the Fullers, seeking the imposition of a constructive trust in her favor.
“It is undisputed that the Fullers did not directly pay the Brotherses for the subject property. It is clear1 that they did pay approximately $5000 to the Brotherses, indirectly, by paying off a loan balance in this amount that the Brotherses had received the benefit of.”
In the original civil action, the trial court denied Mrs. Brothers’s request to impose a constructive trust on the property, and the Alabama Supreme Court affirmed. See Brothers v. Fuller. Therefore, title to the property remained with the Fullers.
However, before the appeal was filed, the trial court, on August 15, 1991, ordered the appellant to vacate the property. The appeal was then filed, and the above opinion was released by the Alabama Supreme Court on July 24, 1992. Mrs. Brothers filed a motion for reconsideration in the Supreme Court, which was denied on October 23, 1992. Apparently, Mrs. Brothers continued to live on the property throughout this period.
On January 11, 1993, the Fullers filed a motion with the trial court for a review of the status of the case. That same day the court again ordered the appellant to vacate the property and set a deadline of 12:00 noon on January 15, 1993. The appellant appealed this order and continued to remain on the property. Mrs. Fuller testified that during this period she told the appellant to get off the property and posted “No Trespassing” signs. Also, the Fullers and the appellant testified that the appellant had been arrested for criminal trespass on several previous occasions, although the exact number of arrests was in dispute. On March 18, 1993, the trial court issued an order finding the appellant in contempt for violating the court’s January 11, 1993, order. These orders were appealed to the Alabama Supreme Court and the Supreme Court affirmed. Two orders issued by the Supreme Court affirming the trial court were received into evidence, both dated July 23, 1993. Although it is not clear exactly what these orders affirmed, from the dates we infer that they affirmed the January 11, 1993, and March 18, 1993, orders.
The appellant contends on appeal that the trial court in the present criminal action erred in denying her motion for a judgment of acquittal. More specifically, she contends that because she filed a supersedeas bond with the trial court, all of the trial court’s orders were stayed until the civil action was disposed of on July 23, 1993. In other words, she contends that the status quo was preserved and that she had a right to be on the land on March 18, 1993.
“In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillan v. State, 594 So.2d 1253 (Ala.Cr.App.1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App.1984), aff’d, 471 So.2d 493 (Ala.1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).”
Underwood v. State, 646 So.2d 692, 695 (Ala.Cr.App.1993).
*104 Again, the appellant was convicted of criminal trespass in the third degree, a violation of § 13A-7-4, Code of Alabama 1975. Section 13A-7-4, Code of Alabama 1975, states:
“(a) A person is guilty of criminal trespass in the third degree when he knowingly enters or remains unlawfully in or upon premises.
“(b) Criminal trespass is a violation.”
(Emphasis added.)
Section 13A-7-K4), Code of Alabama 1975, defines “enter or remain unlawfully” as follows:
“(4) ENTER OR REMAIN UNLAWFULLY. A person ‘enters or remains unlawfully’ in or upon premises when he is not licensed, invited or privileged to do so. A person who, regardless of his intent, enters or remains in or upon premises which are at the time open to the public does so with license and privilege unless he defies a lawful order not to enter or remain, personally communicated to him by the owner of such premises or other authorized person. A license or privilege to enter or remain in a building which is partly open to the public is not a license or privilege to enter or remain in that part of the building which is not open to the public. A person who enters or remains upon unimproved and apparently unused land, which is neither fenced nor otherwise enclosed in a manner designed to exclude intruders, does so with license and privileges unless notice against trespass is personally communicated to him by the owner of such land or other authorized person, or unless stick notice is given by posting in a conspicuous manner.”
(Emphasis added.)
The appellant contends that she could not have knowingly entered or remained unlawfully because the supersedeas bond gave her the light to be on the property. The record reflects that the appellant’s appeals of the trial court’s January 11, 1993, and March 18, 1993, orders were not final until July 23, 1993. The appellant testified that she posted a supersedeas bond as to these appeals. That bond was not part of the record and it was not received into evidence. The purpose of a supersedeas bond is “to keep the parties in status quo pending the appeal.” Ex parte Alfab Inc., 586 So.2d 889, 892 (Ala.1991); Osborn v. Riley, 331 So.2d 268, 274 (Ala.1976). The effect of a supersedeas bond “reaches not only to the possession of the property, but to every other consequence of the judgment.” Alfab, 586 So.2d at 892; Osborn, 331 So.2d at 274.
However, the record also reflects that the Fullers were the owners of the property. The appellant had been ordered off of the property by the trial court and the Fullers. Again, § 13A-7-l(4) states that one “enters or remains unlawfully” if “notice against trespass is personally communicated to him by the owner of such land or other authorized person, or ... stick notice is given by posting in a conspicuous manner.” (Emphasis added.) The appellant was given notice by all of these means. She had been arrested for criminal trespass on previous occasions. Although she had appealed the trial court’s orders to vacate, the record reflects that the Fullers were the owners of the property. Viewing the evidence in the light most favorable to the state, there was sufficient evidence presented from which the jury could find the appellant guilty of criminal trespass in the third degree, especially in light of the definition of “enter or remain unlawfully” in § 13A-7-l(4). The jury had this conflicting evidence presented to it and it was its job to resolve any differences of fact. Clark v. State, 562 So.2d 620 (Ala.Cr.App.1989). We will not substitute our judgment for that of the jury. Owens v. State, 597 So.2d 734, 737 (Ala.Cr.App.1992).
For the above reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.