I concur with the majority's conclusion in Parts I and II that the accrual of interest on the entire amount of the judgment in this case began to run 30 days after the entry of the original judgment, pursuant to the parties' agreement and pursuant to Ala. Code 1975, §§ 8-8-10 and 12-22-71, and Louisville N. R.R. v.Parker. 223 Ala. 626, 647, 138 So. 231, 250 (1931). I also concur with that portion of Part IV holding that the trial court erred in not applying the $306,142.60 payment by Life Insurance Company of Georgia ("Life of Georgia") toward the compensatory damages portion of the judgment. Butler v. GAB Business Services, Inc.,416 So.2d 984 (Ala. 1982). I concur in the result as to the majority's conclusion in Part III that the supersedeas bond covers interest on punitive damages, see generally Fidelity Deposit Co. v. Torian, 221 Ala. 131, 133, 127 So. 829, 831
(1930), and as to its conclusion in Part V that the payment of interest on punitive damages does not violate the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States, see generally Alabama State Federation of Labor v.McAdory, 246 Ala. 1, 9, 12-13, 17, 18 So.2d 810, 814-15, 818,822-23, (1944), cert. dismissed, 325 U.S. 450, 65 S. Ct. 1384,89 L.Ed. 1725 (1945)
I dissent, however, from Part IV insofar as it fails to render a judgment in favor of Life of Georgia with respect to the satisfaction of Johnson's compensatory damages award. 725 So.2d at 942 n. 3. Where a claimant accepts a check in settlement of a claim and that check is marked "payment in full," the acceptance extinguishes all liability with respect to that claim. See PublicNat'l Life Ins. Co. v. Highsmith, 47 Ala. App. 488, 495,256 So.2d 912, 918-19 (1971) (citing Hand Lumber Co. v. Hall,147 Ala. 561, 567, 41 So. 78, 80 (1906) (holding that the acceptance of payment in settlement of a claim is the acceptance of the conditions of payment, including the condition that the payment settles the claim in full)). The undisputed evidence shows that Johnson cashed the check, which Life of Georgia tendered on the express condition that it would extinguish all liability for compensatory damages and interest thereon. In my view, Johnson's accepting and cashing the check operated to extinguish Life of Georgia's liability for compensatory damages and any interest thereon.