MURDOCK, Justice
(concurring in part and concurring in the result).
I fully concur in the main opinion with the exception of the rationale stated in Part IV. I write to express a different rationale and, in so doing, make clear that my view regarding the nonrecoverability of attorney fees under an appellate super-sedeas bond is based on grounds more fundamental than the differences in the wording of Tit. 7, § 794, Ala.Code 1940 (Recomp.1958), and Rule 8, Ala. R.App. P., or whether a trial court has insisted that the bond contain a provision for the payment of “damages” resulting from an appeal, or only the “costs” or the “judgment” resulting from the appeal.
Not only are a party’s costs for legal representation on appeal not properly deemed to be part of the “costs of appeal,” I believe it improper to consider them, as did the Court in Osborn v. Riley, 331 So.2d 268 (Ala.1976), to be “damages” sustained because the aggrieved suitor not only has appealed, but has “desire[d] to go further, and suspend the execution of a judgment or decree rendered against him.” 331 So.2d at 274. The suspension of a judgment through the posting of a supersedeas bond has no correlation to the fact that the appellee must pay for legal representation in the appeal. It is in fact the appeal itself, not the suspension of the judgment during the appeal, that causes the appellee to incur additional attorney fees to defend against the appeal. The holding in Osborn, I submit, therefore, is without the logical underpinning upon which the opinion itself purports to rely.
Moreover, the holding in Osborn runs contrary to the essential reasons that we follow the American rule, rather than the English rule, regarding attorney fees. Similarly, the notion, as expressed in Ex parte Home Indemnity Insurance Co., 374 So.2d 1356 (Ala.1979), that trial courts, in certain types of cases, could require language in a supersedeas bond that would make the unsuccessful appellant responsible for the appellee’s attorney fees on appeal leaves an “unlevel playing field” in such cases in two respects:
1. It gives a potential strategic and negotiating advantage to appellees in such cases since, unlike appellants, they can advocate their position on appeal without posting a supersedeas bond that could make them responsible for the appellate attorney fees of their opponent; and
2. It generally allows plaintiffs who have failed to obtain a judgment in their favor in the trial court access to the appellate courts to vindicate their position without running the risk of responsibility for their opponent’s appellate attorney fees, while not extending that same right to defendants who have suffered an adverse trial result.
Consistent with the fundamental nature of my views, I would overrule not only *449 Hudson v. Hudson, 555 So.2d 1084 (Ala.Civ.App.1989),[13] but also Osboin and Home Indemnity insofar as they reflect different views.

. I note that, in addition to the other matters discussed in this writing, the trial court had authority in Hudson to award attorney fees as part of its judgment in a domestic-relations action.